[No. 5846.]

[No. 3156 C. A.]

## HANNAN v. ST. CLAIR.

**1. Appellate Practice — Courts — Setting Aside Judgments—Review.**

The supreme court will not review the action of the trial court in refusing to set aside a judgment, unless it should appear that the court in so ruling abused its discretion.—P. 136.

**2. Judgment—Default—Setting Aside—Discretion of Court.**

Defendant appealed from a judgment for plaintiff in a justice's court, and plaintiff gave notice of motion to have the cause set for hearing, and, defendant not appearing at the hearing, plaintiff offered proof and obtained judgment. Defendant moved to set aside the judgment, admitting in his affidavits that he had notice of the motion to set the cause for hearing, but that he paid no attention to the motion, until after judgment was taken, relying upon his knowledge of the length of time that elapsed between the notice and the trial in other cases, and that

he made no effort to employ counsel until after judgment was rendered. Held, that there was no abuse of discretion in denying the motion to set aside the judgment.—P. 136.

**3. Cities and Towns—Use of Streets—Automobiles—Negligence —Evidence.**

In an action for injuries to a horse and buggy, plaintiff testified that an automobile, in turning a corner, took the wrong side of the street, and that the driver was running 18 or 20 miles an hour, looking back at the occupants of the machine, and, on plaintiff whistling to him when he was 100 feet away, he continued until within 10 feet of plaintiff, when the horse ran away, injuring itself and breaking the buggy. Plaintiff testified that the damage to the horse was $150, and the damage to the buggy $46, and no defense was interposed by defendant. Held, that the evidence was sufficient to sustain a judgment for plaintiff in that amount.—P. 136.

*Appeal from the County Court of the City and County of Denver.*

*Hon. Albert S. Frost, Judge.*

Action by George E. Hannan against Edward A. St. Clair for injuries to a horse and buggy caused by defendant's automobile. From a judgment for plaintiff in the county court on appeal from a like judgment in the justice court, defendant appeals.

*Affirmed.*

Mr. GOBIN STAIR, for appellant.

Mr. W. W. DALE, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

The suit was begun before a justice of the peace, and from a judgment in the sum of one hundred and eighty-six dollars the defendant appealed to the county court. After the service of notice upon the defendant, the cause was set for trial in the county court. On the day fixed for the trial, the defendant not appearing, the plaintiff was permitted to offer proof in support of his claim, and the court rendered

a judgment in favor of the plaintiff for the sum of $186.00 and costs. The judgment was rendered on June 29th, 1904. On July 6th following, the defendant filed his motion, supported by affidavit, to set aside the judgment. Counter affidavits were filed by the plaintiff. The court, upon the hearing, denied the motion to set aside the judgment, and thereupon the defendant appealed to the court of appeals. He assigns as error the refusal of the court to set aside the finding and judgment in favor of the plaintiff, because it is against the evidence and because the damages are excessive.

This court will not review the action of the trial court in refusing to set aside a judgment, unless it should appear that the court in so ruling abused its discretion. The defendant admits in his affidavit in support of his motion to set aside the judgment and for a new trial that he received notice that the motion would be made to have the cause set for hearing and that he paid no attention to the motion until after the judgment was taken, but relied upon his knowledge of the length of time that elapsed between the notice and the trial in other cases, and made no effort to employ counsel until after judgment was rendered.

Under these circumstances, we cannot say that the court abused its discretion in declining to set aside the judgment.

The plaintiff claimed damages for an injury to his horse and buggy occasioned, as he states, through the negligence of the driver of the defendant's automobile. The plaintiff testified, speaking of the driver of the automobile: "He came around the corner and turned around and talked with the people in the back of the automobile and ran right toward us. I was coming down the right-hand side of the

street. - * * *   When I first saw him he was about three hundred feet away.   * * *   I was coming down the street and I saw him turning the corner, and he turned the corner and took and angled right toward me.  He was looking back at the people in the automobile and did not stay over on his side of the street at all.   * * *   And when he got within about one hundred feet of me I whistled, and he turned around and looked, and the automobile was running eighteen or twenty miles an hour, I should judge, and then he ran up within ten feet of me and the horse shied and went into the ditch and broke the buggy and the horse ran away.  And he came back, and we caught the horse and turned around and came back, and he said he would fix the buggy if I brought it down; and I went down and saw him about it, and he said he would not do anything about it then.  The damage to the buggy was $46.00 and the damage to the horse was $150.00.''

The testimony was, we think, sufficient to sustain the judgment.  It clearly showed negligence on the part of the driver of the automobile.  The driver was on the wrong side of the street.  If he had slackened his speed when he approached the corner, he could have proceeded on the right side of the street.

The damages do not appear to be excessive. There is no testimony to contradict the plaintiff's statement that the injury he sustained was $196.00, and the judgment will therefore be affirmed.

*Affirmed.*

Mr. JUSTICE GODDARD and Mr. JUSTICE BAILEY concur.