No. 15,023.

CAVOS v. GEIHSLER ET AL.
(123 P. [2d] 822)

Decided February 16, 1942.   Rehearing denied March 9, 1942.

Mr. BENTLEY M. McMULLIN, for plaintiff in error.

No appearance for defendants in error.

Mr. GRAHAM SUSMAN, amicus curiae.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFF in error Cavos sold a residence property located in the city of Denver, to defendants in error James and Lisetta Geihsler. The property was subject to an encumbrance in the amount of three thousand dollars, which the Geihslers assumed and agreed to pay as part of the purchase price. In addition thereto, the remainder of the purchase price, fifteen hundred dollars, was to be paid, two hundred dollars upon execution of the contract, and thirteen hundred dollars in specified monthly payments. The contract was executed July 1, 1935.

Defendants in error were unable to make all payments stipulated in the contract. August 21, 1940, Cavos declared a forfeiture, and on October 17, 1940, instituted an action in the district court of the City and County of Denver to recover possession of the property. At the time the complaint was filed, and on application of plaintiff, a receiver was appointed to collect rents, which receivership has continued to the present time.

Considerable dispute arose as to whether the Geihslers had received credit for all payments made. The trial court, on the testimony, found that after crediting

all payments made by the Geihslers, and allowing credit for taxes and interest paid by Cavos to protect the property, there was due and owing from the Geihslers to Cavos, the sum of $1534.39, an amount slightly in excess of that which the Geihslers had contracted originally to pay for the equity in the property, and while on the face of the decree it would appear that the Geihslers owed $34.39 in excess of that amount, the undisputed evidence discloses that they had, in partial compliance with their contract, reduced the amount of the first en-'cumbrance to $2200.00 which, of course, if forfeiture were permitted, would inure to the benefit of Cavos.

The court, after finding the amount due, adjudged that in equity, a decree for foreclosure was proper; that the indebtedness found was a first lien against the interest of the Geihslers in the property, and entered judgment accordingly.

Cavos assigns a number of errors, only two of which we think require notice; namely, (1) that the court erred in decreeing a foreclosure rather than sustaining a forfeiture, and (2) that the court erred in providing that no deficiency judgment should be entered against the Geihslers, but that plaintiff in error should rely on the property itself for the satisfaction of the judgment. Neither of these specifications is well taken. The consideration for which stipulation was made in the contract was that the Geihslers make the payments therein required and perform the undertakings specified, or surrender the property to Cavos. The only question for the court to determine, after finding on disputed evidence the amount due, was whether the amount so found created a sufficient interest in the property in the Geihslers to entitle them in equity to the benefit of a right of redemption, such as is accorded a mortgagor on foreclosure of a mortgage on which he has defaulted.

The question of whether Cavos might have tendered a deed and brought an action for the purchase price is not involved, and Cavos did not do this. He sought to

recover possession of the property by enforcing a forfeiture. Equitable defenses were interposed. We have limited our determination to what equity requires of him before he can recover the property. The payment made on the encumbrance which the Geihslers assumed, and which inured to the benefit of Cavos, created a sufficient interest in the property to justify a court of equity in not requiring the Geihslers to sacrifice such interest without a reasonable opportunity to protect it by redemption, such as is afforded in mortgage foreclosure proceedings. This is in harmony with our recent holding in *Rocky Mountain Gold Mines, Inc. v. Gold, Silver and Tungsten, Inc.,* 104 Colo. 478, 93 P. (2d) 973, which case is so pertinent to the issues here involved that we deem it necessary only to cite it, without further discussing the principles of law announced therein on this point.

The court, after finding the amount due, and the amount by which the first incumbrance had been reduced, adjudged in effect, that the equitable interest of the Geihslers in the property was such that their relationship to Cavos was analogous in all respects to a situation in which the latter held a mortgage on their property, on which approximately $800.00 had been paid, and on which there was still due $1534.39. Clearly, under the latter assumption, foreclosure would be the proper remedy to be pursued by Cavos were he proceeding in court under such facts.

In a case very similar to the present one, *Fairview Mining Corporation v. American Mines and Smelting Co.,* 86 Colo. 77, 278 Pac. 800, where a legal action was instituted to obtain possession pursuant to a notice of forfeiture of contract for nonperformance, to which, as here, equitable defenses were interposed, we held that equity would not sustain a forfeiture and directed, fixing time therefor, that issues be framed as on foreclosure. As supporting this holding, we cited *Pope v. Parker,* 84 Colo. 535, 271 Pac. 1118. This case, as to the

facts, is in some respects similar to the Fairview case, but dissimilar in others. The legal principle involved, however, is the same, and we there held that foreclosure was proper. Doubtless with these cases, and perhaps others of similar purport, in mind, the trial court and counsel overlooked the method which we outlined as proper in *Rocky Mountain Gold Mines, Inc. v. Gold, Silver and Tungsten, Inc., supra,* which case is analogous to the one here under consideration. Proceeding in that action, which was in ejectment based upon a forfeiture clause contained in a contract wherein equitable defenses were interposed, on the theory that a court of equity having taken jurisdiction of a cause will grant all equitable relief to which the parties are entitled under the situation disclosed by the evidence, we did not require formal foreclosure proceedings, nor enter a foreclosure decree, though holding that such might have been done, but in the alternative directed the trial court to enter a decree granting the contract purchaser six months, the statutory time fixed within which a mortgagor may redeem from a mortgage sale, to pay the amount the court had adjudged requisite for full compliance with the contract. This resulted in a saving to the contract seller of the time and expense required for framing issues on foreclosure directed in the Fairview case, without depriving the contract purchaser. of the right to redeem within the same period as he might have done from a sale on foreclosure.

In order to accomplish the objective that clearly was intended by the trial court, and to preserve fully the equitable, or possible equitable, rights of all parties, we think that in this case the procedure outlined in the Rocky Mountain Gold Mines Inc. case should be followed, rather than to proceed by foreclosure. As we said in the Fairview case, supra, "The thing which a grantor is interested in is the purchase price. If, in due course, he gets that price, he ought not to complain." Correlatively, any decree here entered should be such

that Cavos will be assured his due. Under the contract the consideration to pass from the Geihslers to him was the monthly payments to be made as stipulated, payment of taxes, and payment of the first encumbrance on the property. From the amount found by the court still to be due, it is apparent that Cavos, to protect the property from foreclosure and tax sale, has made payments on the first encumbrance, or taxes, or both, that the Geihslers, under the contract, were obligated to pay. During the time which has elapsed since judgment was entered in the district court, Cavos may have made other similar payments necessary to protect his interests, and it may be necessary that he make others during the six-month period of redemption under the order hereafter to be entered. The decree of the trial court, in addition to the practical difficulties incident to foreclosure on the Geihslers' equitable interest, makes no provision for protecting the interests of Cavos that may arise from his being compelled to make payments of taxes and interest, or principal, or both, by reason of the first encumbrance on the property. Any decree entered to accord equity to Cavos should protect him against these contingencies.

For the reasons hereinabove appearing, the trial court is ordered and directed to set aside the decree that it heretofore entered providing for sale as on foreclosure, and to enter a decree granting the Geihslers six months, the time allowed by statute for redemption from a sale on mortgage foreclosure, to pay into the registry fund of the court for the benefit of Cavos, the sum found by the court to be due, to wit, $1534.39, with legal interest to date of payment, together with such additional amount, if any, as the court shall then determine that Cavos has been required to advance and which the Geihslers were obligated to pay under the contract, to protect the property subsequent to the entry of its former judgment, proper account to be taken of any rents or income accruing from the continuing receivership. If and when such payment be made, Cavos shall issue a

deed to the Geihslers as provided in the contract. Upon default of compliance with such conditions by the Geihslers within said six months, the district court then shall enter its decree vesting Cavos with the right to possession of the property and adjudging it free and clear of any right, title or interest of the Geihslers thereto arising out of or by virtue of the said contract.

The judgment of the district court as modified, is affirmed.

MR. JUSTICE BOCK and MR. JUSTICE HILLIARD concur.

MR. JUSTICE BAKKE dissents.