## No. 16,341.

MILLER *v*. TEMPLE ET AL.

(211 P. [2d] 989)

Decided November 14, 1949.

Mr. RALPH B. HARDEN, Mr. J. ROBERT MILLER, Mr. WALDO RIFFENBURG, for plaintiff in error.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for defendant in error Temple.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties appear here in the same order as in the trial court.

Defendant Temple, as the owner of certain lands in Larimer county, Colorado, on July 27, 1945, entered into a contract of sale of the lands to defendants Marshall Nix and Minnie Nix for the total price of $11,450 on the following terms: $500 cash upon the execution of the agreement; assumption of $6,000 represented by a deed of trust; assumption of payment of promissory note in the sum of $1,100; $500 on December 15, 1945, and all of the balance in two installments, the last of which was to be due December 15, 1947. If payments were first made and the covenants performed, conveyance by warranty deed was to be made to defendants Nix. The contract provided for forfeiture of payments in case of default.

With the knowledge of Temple, the vendor, defendants Nix assigned their interest in said contract to defendant Marsteller, who, on December 19, 1947, entered into an agreement with plaintiff Miller to sell him the property described in the contract for the sum of $12,000, payable $4,000 cash, $5,500 by the assumption of the deed of trust already on the property and $2,500 on December 19, 1949. Plaintiff took possession under this agreement and was in possession at the time of the trial herein.

The evidence discloses that under the terms of the original agreement between Temple and Nix, which is Exhibit A in the record, the balance due Temple on December 15, 1947 was not paid and it was four days after that due date that Marsteller, instead of conveying his interest in the contract that had been assigned to him from Nix, entered into the sale bargain with plaintiff Miller, agreeing to convey the property if Miller made the stipulated payments and performed the convenants of the contract, and the property was to be conveyed free and clear to Miller except the $5,500 deed of trust of record.

Plaintiff Miller paid his money to Marsteller and went

into possession apparently without knowing that Marsteller had no title to the property or that Marsteller still owed Temple, the original vendor, the sum of $2,500, and that title still remained in Temple.

Sometime in February or March of 1948, defendant Temple went to see Miller on the property and advised him that he, Temple, was the owner of the property and that there was $2,500 due him as a balance of the original sales price. Some discussion took place concerning the matter of Miller paying and receiving title from Temple, but no definite arrangement was made and Miller never paid either Temple or Marsteller. Miller testified that Temple agreed to take a second mortgage on the place for the $2,500, which was denied by Temple, and the court found that Miller had not proven any such arrangement. Time went on, and in August, Temple caused a ninety-day notice, as provided in the contract, to be served on Nix, his wife, and plaintiff Miller, that the original contract dated July 27, 1945 would be terminated ninety days from the service of the notice. Notice also was directed to Marsteller, but apparently was not served.

On November 5, 1948, Miller filed the complaint herein for specific performance alleging the original contract between Temple and Nix and the assignment thereof to Marsteller; the written agreement between Marsteller and Miller, which is Exhibit B; that Temple is the owner and holder of the record title and is willing to convey the same to plaintiff if plaintiff tenders him a promissory note secured by a deed of trust on the property in the sum of $2,500 representing the balance of the purchase price; provided, that the interests of the defendants Marshall Nix, Minnie Nix and James H. Marsteller be either cut off or foreclosed as to any interest or require to be specifically performed their several agreements represented by Exhibits A and B; that defendants Nix have no interest in the property by virtue of the assignment made to Marsteller; that Marsteller

owes Temple the sum of $2,500 under the assignment from Nix to Marsteller, and plaintiff owes Marsteller $2,500. (This $2,500 owing from plaintiff to Marsteller is in fact represented by the $2,500 due on the original contract from Nix to Temple.) Prayer of the complaint was, that Marsteller specifically perform the agreement, which was Exhibit A, assigned to him and unless performance is had, that he be barred from asserting any right, title or interest to the property, and further that Temple be required to specifically perform his agreement with plaintiff, which was alleged to be oral, upon plaintiff tendering his promissory note for $2,500 secured by deed of trust on the property.

Defendant Temple filed his answer and cross complaint admitting the ownership of the land and the execution of the two agreements, Exhibits A and B; denying that he agreed to convey the property to plaintiff upon the plaintiff tendering him note for $2,500 secured by second deed of trust; admitting that there is due Temple the sum of $2,500, plus interest; and denying all other allegations of the complaint. In his cross complaint, he alleges the execution of the agreement between Temple and Nix, which is Exhibit A; admits that defendants Nix, or any assignees, have failed, neglected and refused to perform the contract and that the same is in default; that on August 5, 1948 caused notice to be served on plaintiff and the other defendants for cancellation of the contract and a demand for possession of the premises as provided in the contract, all of which they have failed to do; that plaintiff Miller is in possession of the property and wrongfully holding same to his damage in the sum of $500; prays that contract, Exhibit A, be cancelled; and that plaintiff be found guilty of unlawful detainer of the premises and that he, Temple, be given right to immediate possession of the property and $500 damages.

The defendants Nix, on February 9, 1949, filed their disclaimer of any interest in the subject matter of the action.

On February 14, 1949, plaintiff filed answer to the cross complaint, denying that defendants Nix or their assignees had failed to perform the contract; denying that same is in default; *admitting* that on the 5th of August, 1948, contract was in default; that plaintiff was in possession and that defendant Temple caused notice to be served on the plaintiff and the other defendants for cancellation of the contract and for possession; and denying failure to perform said contract as well as any damage and wrongful possession. As a further affirmative defense to the cross complaint, alleges that defendant Temple promised and agreed with plaintiff that he would convey the property to plaintiff if tendered a promissory note secured by second deed of trust on the premises. This answer to the cross complaint was amended by an allegation that the instrument executed by the parties created in fact a mortgage, and the only interest of defendant Temple is that of a mortgagee and the equitable title passed to the plaintiff.

Trial was had to the court, and on July 8,1949, the court entered its findings, which, after a brief statement of the facts and issues, is to the following effect: That Marsteller, relying on his title from Nix, sold his interest by contract, Exhibit B, to plaintiff Miller. Exhibit B was not signed by Temple, the original owner, or accepted by him. The plaintiff, having admitted that Exhibit A was in default on August 5, the date of the notice of cancellation, and that defendants Nix, Marsteller and the plaintiff had failed and refused to perform the contract; that Temple had not signed Exhibit B and was bound only by Exhibit A; defendant Temple was not affected by Exhibit B, the contract between plaintiff and Marsteller; that defendant Temple had a right to declare Exhibit A, the original contract, in default, and to terminate same; that for these reasons, none of the defendants so affected, or the plaintiff, had a right to specific performance of that contract; further, that defendant Temple could not be forced to be a party to any new

terms of Exhibit A; that Temple, relying on the terms of the contract, had a right to repossession of the real estate; that any rights Miller might have by virtue of the contract of sale with Marsteller, Exhibit B, would be against Marsteller and not Temple; that plaintiff Miller's alleged new oral contract with Temple was not proven, and notwithstanding, it would have been contrary to the statute of frauds relating to transfer of lands; that the findings be against plaintiff on a second answer and defense to Temple's cross complaint; that the case presents no ground for equitable interference to the end that an equitable mortgage was created under the circumstances.

Judgment was entered, dismissing plaintiff's complaint and giving Temple full and complete immediate possession of the lands involved; and that Temple recover from plaintiff the sum of $142.50 as damages for wrongful withholding of possession, together with costs. Execution was stayed upon the posting of a bond in the sum of $500 pending the suing out of a writ of error and application to this court for supersedeas.

For reversal, plaintiff in error specifies that the judgment is contrary to the evidence; contrary to the law; that the court erred in finding that no equitable mortgage was created, and that the case presented no grounds for equitable interference. No question is raised as to the sufficiency of these specifications.

Under the circumstances now prevailing, defendants Nix having disclaimed and defendant Marsteller being a nonappearing nonresident, if plaintiff Miller is to obtain any relief in this action it would have to be from defendant Temple. As properly determined by the trial court, the facts do not justify the establishment of any claim by plaintiff Miller against defendant Temple. The unfortunate predicament in which plaintiff Miller now finds himself is due largely to his own voluntary neglect. He made the contract, Exhibit B, with Marsteller and parted with his money without ascertaining the true status of the title and the conditions surrounding what-

ever interest Marsteller might have therein. Prudent inquiry should have disclosed that Marsteller had no title, and that whatever right he had to obtain title was then in jeopardy by virtue of default in terms and conditions of the contract from Temple which was assigned to Marsteller. After learning, in February of 1948, that Temple was the owner of the premises involved and that there was a balance of $2,500 past due Temple, he did nothing from that date to July 12, 1949, except to remain in possession and plant crops thereon, and is still in possession after two crop seasons without paying the known owner anything whatever.

The original contract of sale, Exhibit A, from Temple to defendants Nix, is the usual contract executed in such transactions. It provided that if the purchaser first made the payments provided for, the seller agreed to convey the land; that in case of failure to make the payments provided for within the time prescribed, the contract might be terminated at the election of the seller upon ninety-day notice of such intention, properly served, and that all payments made thereon be forfeited; that upon termination, the seller had the right to re-enter and take immediate possession, and if the purchaser remained thereon after such termination, he was to be deemed guilty of forcible detainer. It was mutually agreed that time should be of the essence of the agreement.

This contract contains no elements of a mortgage, or in the nature of a mortgage and cannot have the effect of a mortgage, as is contended by plaintiff in error. Defendant Temple clearly was within the exercise of his rights thereunder as seller in declaring a forfeiture and termination of the contract and could not be criticized for so doing in face of the evidence which clearly shows that he was ready and willing to perform his part of the contract in full at any time long after default if proper tender had been made. He cannot now be forced into taking a position for which there was no provision, or

to which he had not agreed, and we believe that the case of *American Mortgage Co. v. Logan,* 90 Colo. 157, 7 P. (2d) 953, is definitely in point and controlling herein.

Plaintiff in error Miller seeks specific performance of a contract to which he was not a party, and asks to have title to the property involved quieted in him. He has no title which could be quieted. The assignee of the contract, Exhibit A, to which Miller was not a party, made a separate and independent contract with Miller and gave him possession of the premises.

In the original contract of sale given by Temple, there were provisions for notice and forfeiture, and in case of holdover after default, an action for unlawful detainer was available. By this means Temple could lawfully recover possession. A mortgage of real property cannot be deemed a conveyance to the end that the mortgagee may obtain possession of the real estate without foreclosure and sale. If the contract here be held to be a mortgage, as contended by Miller, such would defeat the clear provision of the contract providing for an action in unlawful detainer.

As controlling in similar cases, we follow and adhere strictly to the rule announced in *American Mortgage Company v. Logan, supra,* and applying that rule to this case, the judgment is legally correct; however, since the factual situation herein presents a rare and unusual case, there is an appeal to our conscience, and our disposition of the judgment is not to be taken as an indication of a variance from the rule announced. We are aware of the fact that occasions arise, as here, where the equities are not equal, and, following the clear indications of the testimony of both parties, a modification of the judgment seems to be in order and may be made without injury or injustice to the interests represented. Accordingly, we invoke the equitable or remedial power of this court.

In the testimony of Temple set out in the record, is the following: "Q. You would be standing to gain a great

deal on this transaction, would you not, if you just got this place back outright? A. It wasn't my intention to gain anything. It is just my intention to try and get my money. If anybody wants to pay it, that is the only way you could get your money back, and if they won't pay, then you have to get the place back. *I am willing to accept my money.* Q. If Mr. Miller could get the money for you within a reasonable time, you would be willing to take it, would you? A. Absolutely."

It also appears from the record that plaintiff in error Miller fully recognized, as it developed, that he owed Temple $2,500 with some accruals. His efforts to pay, for about a year or more after his knowledge of Temple's claim, were not aggressive. He claimed that he did not know to whom it should be paid and that Marsteller was gone. Through ill advice or ignorance in such matters, he failed to find a plan concerning the payment of the indebtedness that would protect him. Since he has a sizable investment of $4,000 plus interest payments, and will now be in a position to offer the property involved as security for a loan, and since Temple, at the trial, said he was willing to accept his money, we are inclined to temporarily remove the rigor of the judgment by a modification thereof to the effect that plaintiff be allowed thirty days from entry of the directed modified judgment within which to pay the amount due Temple in accordance with the judgment entered by the trial court, with interest, and in case of payment thereof, that he shall be entitled to a proper deed to the property from defendant in error Temple and a decree quieting his title thereto as to all interests involved in this proceeding.

Accordingly, the case is remanded to the trial court with instructions to enter a modified judgment as herein indicated.

MR. JUSTICE HAYS specially concurs in the modification of the judgment for the reasons stated in *Rocky*

*Mountain Gold Mines, Inc. v. Gold, Silver and Tungsten, Inc.,* 104 Colo. 478, 93 P. (2d) 973 and *Cavos v. Geihsler,* 109 Colo. 163, 123 P. (2d) 822.

MR. JUSTICE STONE concurs in the opinion except as to the modification of the judgment.