No. 17,025.

SELF *v.* WATT, JR.
(259 P. [2d] 1074)

Decided July 20, 1953. Rehearing denied August 10, 1953.

Mr. THOMAS E. CREIGHTON, for plaintiff in error.

Mr. DEAN JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties are here in the reverse order of their appearance in the trial court, and we will refer to them by name or as plaintiff and defendant. Plaintiff Watt, as owner of certain lands in Kit Carson county, Colorado entered into a written contract with defendant Self on May 23, 1949 for the sale of said lands for a total consideration of $35,200, of which amount Self paid $10,500, the balance to be paid in installments together with interest at 5% per annum on deferred payments. As per agreement, on January 7, 1950, $8,240.80, being 40% of the value of the 1949 wheat crop grown on this land, was applied on the unpaid balance of the purchase price. The agreement provided that if Self failed to make the payments, or perform any of the covenants by him to be performed, the contract "shall be forfeited and determined" and become null and void at the election of Watt, and all payments were to be retained by Watt "in full satisfaction and liquidation of all damages" by Watt sustained.

On December 4, 1951 Watt filed his complaint alleging that a balance of $16,459.20, together with interest, remained due and unpaid on said contract; that Self had failed and refused to make said payments, and that by

reason of such default Watt had elected to forfeit and terminate said agreement. Watt prayed for a decree directing Self to pay the balance due "within such time as may in the discretion of the court seem reasonable and just," and upon his failure to make such payment within the time so limited by the court, said agreement be declared null and void and·the rights of Self in said contract be terminated and possession of the land be given to Watt.

Self made no appearance in the case, and on February 14, 1952 the trial court entered its decree declaring that the balance due from Self was as stated in his complaint, and ordered that said amount be paid within thirty days from that date, and upon the failure of Self to make payment as ordered the agreement to be null and void and possession of the land be awarded to Watt.

On July 14, 1952 Self filed a motion "for relief from the default judgment" asserting therein that prior to the institution of the action he had been advised by counsel that in the event of his default under the contract, a decree of court was necessary in order to terminate the purchase and sale agreement, and that such a decree "should provide for a reasonable redemption period of about six months." He also asserted that he had no actual notice of the pendency of the case. After hearing, the trial court on November 13, 1952 denied this motion, and Self brings the case here by writ of error.

On August 29, 1952 Self tendered an answer to Watt's complaint in which he admitted all the allegations of the complaint, save and except as to the allegations concerning his default under the contract. In this respect he claimed to be "without knowledge or information sufficient to form a belief." Obviously Self had definite knowledge regarding his default under the contract and his answer tendered no issue.

This proceeding brings up for review: (a) The propriety of the thirty-day redemption period in the court's

decree; and (b) a review of ruling of the trial court on the motion for relief from the default judgment.

When the trial court fixed a thirty-day period within which the defendant Self should make payment of the balance due under his contract, the judge said: "Under the circumstances herein, the defendant having been in default under the agreement for a period of approximately four months at the time when action was brought herein, and now having continued in default for a further period of approximately two months after that time, it is the opinion of the court that a period of thirty days is a sufficient, reasonable and just period of redemption."

It does not appear from anything in the record that Self had any special equities in his favor. It does definitely appear, and the trial court so determined, that Self had already enjoyed all the delay equity would require.

██ The instant case is controlled by the rule in *American Mortgage Co. v. Logan,* 90 Colo. 157, 7 P. (2d) 953. Careful research fails to disclose any statutory provision for a specified period of time for redemption where the landowner proceeds as did Watt in this case. Counsel for Self persist in stating that the contract under consideration was in effect a mortgage; hence he says Self was entitled to a six-months period of redemption. We have held otherwise. *Miller v. Temple,* 120 Colo. 546, 211 P. (2d) 989.

Our latest pronouncement of the rule applicable in cases such as the one under consideration is announced in *Miller v. Temple, supra,* where *American Mortgage Co. v. Logan, supra,* was approved. We have not overlooked *Cavos v. Geihsler,* 109 Colo. 163, 123 P. (2d) 822, and *Rocky Mountain Gold Mines, Inc. v. Gold, Silver & Tungsten, Inc.,* 104 Colo. 478, 93 P. (2d) 973. This latter case was an ejectment action based on an involved lease and option agreement concerning mining property. It appears that numerous extensions of time payments were granted by the lessor. We said in that case: "Here plaintiff in error wishes to pay, and only seeks a reason-

able time, equitably fixed, within which to make payment of the entire balance, plus legal interest." Again we mention the answer tendered by defendant Self in the instant case. It raised no issues. He merely wanted to speculate with the subject matter of the contract, apparently entertaining a remote hope of realizing something from the delay without offering to do equity or to perform his part of the contract. It is true that in the *Cavos* and *Rocky Mountain Gold Mines, Inc.* cases supra, that a period of six months is specified, yet we must conclude from the record before us that the trial court in fixing a thirty-day period within which Self was to make payment of the balance due, fixed a time which was both reasonable and equitable.

██ An application for a strict foreclosure under an executory contract to shut out the rights of a purchaser is addressed to the sound discretion of the court, and the time allowed the purchaser to make payment of the arrears is largely within the discretion of the trial court. Under contracts such as the one we are considering, the trial court, when fixing a time for payment, is not bound by the statutes concerning redemption from mortgage foreclosure. Equity will take into consideration all the attendant facts and circumstances in fixing the time. We conclude that such a period is not the six months provided by the statute regarding redemption under mortgage foreclosure. In the instant case the trial court did not abuse its discretion in fixing the time which was, under the facts of the case, both reasonable and equitable. *Miller v. Temple, supra,* is ample authority for the judgment and decree of the trial court.

In *Gordon Tiger Mining & Reduction Co. v. Brown,* 56 Colo. 301, 138 Pac. 51, the trial court gave the purchaser a thirty-day period to elect whether he would perform the contract by paying the purchase price, and upon his election not to do so, the trial court restored possession of the property to the vendor. The decree in this case was by us approved.

In *Miller v. Temple, supra,* we said: "Since Temple [the vendor], at the trial, said he was willing to accept his money, we are inclined to temporarily remove the rigor of the judgment by a modification thereof to the effect that plaintiff be allowed thirty days from the entry of the directed modified judgment within which to pay the amount due Temple."

There are at least these two cases in our jurisdiction where we have recognized the propriety of a thirty-day period within which to make payment of the arrears. We see no reason in the instant action to depart from our holding in these cases.

Coming now to the second specification, it is manifest from the record that Self made no sufficient showing of mistake, inadvertence, surprise or excusable neglect to justify his failure to appear in the action. It is true that the summons was not personally served on Self, but was left with a member of his family at his usual place of abode two months before the final decree was entered in the suit.

A motion to vacate a default judgment is addressed to the sound discretion of the trial court in most instances, and the ruling thereon will not be disturbed unless it appears that there has been an abuse of discretion. Here there could be no abuse of discretion. By the answer, belatedly tendered by Self, he made no showing of a meritorious defense, neither did he make a tender of the amount due Watt. The record discloses that many months before the instant suit was commenced, Watt notified Self that he was in default. Self consulted lawyers about the matter in August, 1951, and as late as December, 1951 counsel for Watt wrote to Self and his attorneys that unless prompt action was taken, suit would be instituted to cancel the contract by court decree.

Counsel for Self assert that acting on the advice of his then counsel, Self felt it would not be necessary for him to appear in any threatened suit because he

would have some six months time in which to determine whether or not he could or would raise the funds necessary to pay his obligations under the contract. He urges this as a reason why he should be relieved of the consequences of his erroneous assumption. It was not the duty of the trial court, neither is it ours, to relieve Self of the consequences incident to the mistakes of his then counsel. *County Court v. People,* 55 Colo. 258, 133 Pac. 752. See, also, *Hannan v. St. Clair,* 44 Colo. 134, 96 Pac. 822.

At no time during the pendency of this action did the defendant make any showing of a meritorious defense to the instant suit. Neither did he at any time make any tender of the amount due. An attempt is made by counsel for Self to claim that Watt enjoyed a windfall as a result of his action. When Self contracted to buy the land in May, 1949, a crop was growing thereon, and Self by the contract reserved to himself 60% of this crop, which latter amount was something over twelve thousand dollars as against the ten thousand five hundred dollars he paid to Watt when the contract was executed. The other 40% of the crop was applied on the purchase price of the land, as above recited. In addition to this Self had possession of the land from May, 1949 to March, 1952, a period of nearly three years, during which time he enjoyed the use thereof and had and was entitled to the value of crops grown thereon. We cannot say that there was any windfall enjoyed by Watt. This matter was urged before the trial court, and if it was a proper issue in that court it was there resolved against Self. We must do likewise.

Perceiving no error in the record before us, the judgment is affirmed.