## No. 17,593.

RUTH KING AND JOE KING *v.* FRANK WILLIAMS.
(281 P. [2d] 163)

Decided March 14, 1955.

Mr. John P. O'Rourke, for plaintiffs in error.

Mr. Duane O. Littell, Mr. Robert W. Mesch, for defendant in error.

*En Banc.*

Mr. Justice Clark delivered the opinion of the Court.

Two motions are before us and will be considered together, since the arguments with respect to each are correlated.

The first is a motion on behalf of plaintiffs in error, filed herein on February 1, 1955, for an order of this Court extending time within which to lodge the reporter's transcript with the clerk of the trial court. The second, a motion on behalf of defendant in error, filed February 16, 1955, for an order dismissing the writ of error. With respect to the motion for enlargement of time within which to lodge the reporter's transcript, it

not appearing why such application was not first presented to the trial court, same is denied for reasons fully and clearly expressed in our recent opinions in *Continental Air Lines v. Denver,* 129 Colo. 1, 266 P. (2d) 400, and *Smith v. Woodall,* 129 Colo. 594, 270 P. (2d) 746.

The motion on behalf of defendant in error to dismiss the writ of error is upon three grounds: (1) That the praecipe pursuant to which the writ was issued was not filed within three months following the date when the judgment of the trial court became final; (2) that the trial court was without jurisdiction to extend the time for lodgment of the reporter's transcript after issuance of the writ of error; (3) failure of compliance with rule 112 (a), R.C.P. Colo., in not promptly filing and serving a copy of a designation of record on error. The third ground has some merit; the second is incorrect on both the facts and the law; but the first is good, and requires dismissal of the writ of error.

Counsel suggest that the motion to dismiss may seem somewhat premature; a considerate observation. Where the circumstances justifying such action are clearly presented, however, and are not denied, it would seem logical that action should be taken at this time before further substantial costs are incurred by the parties, and this especially when it so clearly appears that that which we now do, would of necessity have to be done later.

The facts as stated and undenied are that: On August 6, 1954, the jury in the trial of the case returned its verdict favorable to defendant. In due time motions for new trial and for judgment notwithstanding the verdict were filed on behalf of plaintiffs. Pursuant to notice, arguments on said motions were had before the trial judge in chambers on September 24, 1954, counsel for all parties being present and participating. Immediately upon the close of the arguments, in the presence of both counsel, the judge announced his ruling denying both motions. Following denial of the motions, the judge requested counsel for defendant to prepare a formal order,

which later was done but not signed by the judge or placed in the file until October 11, 1954. On December 8, 1954, counsel for plaintiffs filed a motion for extension of time to February 11, 1955, within which to lodge the transcript, which was granted by order entered January 11, 1955. On that same date praecipe was filed in the office of the clerk of this Court and writ of error issued, exactly three months from October 11 preceding, but more than three months from the date upon which the trial judge announced his ruling denying the motion for new trial.

The question presented is: At what date did the judgment become effective and final? A judgment is binding and effective from the time of its pronouncement, although not actually entered in the records until later. *Wilson v. Collin,* 45 Colo. 412, 413, 102 Pac. 21. It is said to be final when there is nothing more for the court to do with respect to said cause. *Vondy's, Inc. v. Nelson,* 130 Colo. 51, 273 P. (2d) 633, 634. Where a motion for a new trial is pending, the judgment becomes final when said motion is overruled. *Bankers Trust Co. v. Hall,* 116 Colo. 566, 571, 183 P. (2d) 986, 989, cited with approval and quoted from in *Pueblo v. Mace,* 130 Colo. 162, 273 P. (2d) 1015, 1016. A motion for new trial is overruled when the court so determines and pronounces, and such pronouncement need not be in writing, but may be made informally from the bench. A clerk's minute record is sufficient.

"The act of the court is the real order, and the recording in the minutes and the signing of the order were but evidences of the order made." *Demens v. Huene,* 89 Cal. App. 748, 265 Pac. 389, 390.

Counsel for plaintiffs in error were personally present on September 24 when the judge announced the denial of motion for new trial. The judgment then became final; the case was finished in the trial court; time within which to procure a writ of error began to run on that day. The three months' period specified by rule 111

(b) R.C.P. Colo. had expired before the writ of error was obtained; therefore, it must now be, and is, ordered dismissed.

 Counsel for both sides in argument cite. the case of *Pueblo v. Mace, supra,* but it is quite evident that none of them followed through to read the background cases referred to therein of *Continental Air Lines v. Denver, supra,* and *Smith v. Woodall, supra,* which are decisive of most of the matters they present. See, also, *Fraka v. Malernee,* 129 Colo. 87, 267 P. (2d) 651, and *Hildenbrandt v. Hall,* 129 Colo. 16, 269 P. (2d) 708. The citation of *Moreau v. Buchholz,* 124 Colo. 302, 236 P. (2d) 540, in support of the contention that following the effective date of final judgment in the trial court the judge of that court is without further authority and that all orders for extension of time must come from this Court, is no longer applicable since the amendment of rule 111 (c), R.C.P. Colo., effective February 12, 1953, by which the authority of the trial court was extended. *Continental Air Lines v. Denver, supra.*