No. 17,878.

George W. Rigel, et al. v. A. J. Kaveny.

(298 P. [2d] 396)

Decided June 11, 1956.

Mr. Herbert E. Mann, for plaintiffs in error.

Mr. S. Robert Houtchens, Messrs. Houtchens & Houtchens, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

In September, 1953, the Weller Lumber Company filed its complaint against George W. Rigel and Mary K. Rigel and numerous other defendants seeking foreclosure of a mechanic's lien against real estate of the Rigels, and by them occupied. In December, 1953, defendant in error Kaveny, hereinafter referred to as Kaveny, or as intervenor, filed his application to intervene in the action. His petition to intervene was granted and he filed an answer, together with "counter and crossclaim and complaint to foreclose deed of trust." He alleged that the Rigels delivered to intervenor their promissory note dated February 6, 1953, payable to Kaveny, due one year after date for the principal sum of ten thousand dollars and secured the payment thereof by a trust deed to the Public Trustee of Weld County, Colorado, which trust deed was recorded February 20, 1953; that said trust deed embraced the same property mentioned in the Weller Lumber Company complaint. He prayed for the foreclosure of this deed of trust and for a sale of the Rigel property and that the trust deed be decreed to be a first lien on the property superior to the claims of any of the defendants in the action. He also alleged that in the trust deed held by Kaveny, the Rigels convenanted that the property covered thereby was free from encumbrance and alleged on information and belief that the defendant, Northern Colorado Savings and Loan Association, was the beneficiary in a trust deed dated July 10, 1951. He thereafter filed an amendment to his answer and cross claims alleging that he, Kaveny, had acquired title to the note and trust deed theretofore held by Northern Colorado Savings and Loan Association and prayed for the foreclosure of said trust deed.

For answer to the several claims, of Kaveny, the Rigels filed an answer and counterclaim, admitting the execution and delivery of the ten thousand dollar note and alleged that the same was without consideration and was executed "with the intent and purpose of said A. J.

Kaveny to delay and defeat other and unsecured creditors of defendant George W. Rigel."

On November 8, 1955, Kaveny filed in said action a petition for the appointment of a receiver of the property embraced in the two trust deeds above mentioned. He therein alleged the failure of the Rigels to make the payments called for by the notes secured by said deeds of trust; that in July, 1954, defendant George W. Rigel filed a voluntary petition in bankruptcy in the United States District Court for the District of Colorado in which proceeding the filed and allowed claims against George W. Rigel were as follows: Priority claims, $1,242.37, secured claims $62,272.25 and unsecured claims $40,754.82. That George W. Rigel was not discharged in bankruptcy because he had made a materially false statement in writing respecting his financial condition to the First National Bank of Greeley, Colorado. It was alleged that the Rigels were hopelessly insolvent; that they had failed to pay the taxes on the property and that the said real estate was worth $14,750.00. This petition was verified by Kaveny. To it the Rigels filed a "Response" in which they alleged they owed Kaveny nothing and set up certain evidentiary matters in an attempt to justify the statement that they were not indebted to Kaveny. They prayed that the petition for the appointment of a receiver be denied. This "Response" was verified by counsel for the Rigels.

On December 27, 1955, the trial court entered its order appointing a receiver and also striking from the answer of the Rigels certain portions thereof because the same were argumentative matters which may or may not be admissible upon the trial of the issues herein. The Rigels bring the case here on the clerk's record.

Counsel for plaintiffs in error assert that the trial court erred in appointing a receiver and in so doing grossly abused his discretion. It is also urged that the trial court erred in striking from the Rigels' answer certain portions thereof.

It is not disputed that the two trust deeds securing notes held by Kaveny contained the usual "Receiver Clause." Neither is it disputed that the Northern Colorado Savings and Loan Association note and trust deed, now owned by Kaveny, represent a just indebtedness.

It will be noted that this litigation commenced in 1953 and there has not yet been a trial of the issues on any phase of the main case, either as between Weller Lumber Company and the Rigels or as between Kaveny and the Rigels. True, in the meanwhile the bankruptcy proceeding was pending and from the exhibits attached to the Kaveny petition for the appointment of a receiver, it definitely appears and is not controverted by the Rigels, that they are insolvent, and have failed to pay the taxes legally levied and assessed against the property they occupy.

 We will not consider an interlocutory order such as the ruling on a motion to strike portions of an answer until there is a final judgment in the case. The granting of such a motion does not end the action. *Morron v. McDaniel,* 127 Colo. 180, 254 P (2d) 862; *Savageau v. Larsen,* 117 Colo. 229, 185 P. (2d) 1012; *Hyman & Company v. Velsicol Corporation,* 119 Colo. 121, 201 P. (2d) 380.

Rule 66, R.C.P. Colo. provides in part: "A receiver may be appointed by the court in which the action is pending at any time: (1) Before judgment * * * on application of either party, when he establishes a prima facie right to the property or to an interest therein which is the subject of the action and is in possession of an adverse party, and such property, or its rents, issues and profits are in danger of being lost * * *."

 The application for the appointment of a receiver in an action to foreclose a mortgage or deed of trust is addressed to the sound discretion of the trial court. *Melville v. Weybrew,* 106 Colo. 121, 103 P. (2d) 7. Where the question presented for review concerns only the propriety of the appointment of a receiver, the ques-

tions involved in the principal case will not be considered. *Riant Co. v. Bailey,* 80 Colo. 65, 249 Pac. 7.

A consideration of the Clerk's record, which is the only matter here submitted, convinces us that the trial court did not abuse the discretion vested in it when the receiver was appointed. The receiver will protect the property, collect the rents and make payment of taxes and other legitimate charges, so that when the final issues in the case are determined the property will not have been lost through tax sale or the indebtedness unduly increased by the accumulation of interest. The Rigels are in possession and they must yield this possession to the receiver in the interest of fair dealing pending a final determination of the issues.

Judgment affirmed.

MR. JUSTICE SPARKS not participating.