471 P.2d 430 (1970)
Anna G. OMAN, Plaintiff in Error,
v.
Robert L. MORRIS, Esther Parker McClain, Mary Parker Morris, and Harry H. Parker, Defendants in Error, and
Eddie E. Uhler and Opal R. Uhler, Intervenors and Defendants in Error.
No. 70-073, (Supreme Court No. 22827.)
Colorado Court of Appeals, Div. II.
March 17, 1970.
Rehearing Denied April 2, 1970.
Certiorari Denied June 11, 1970.
*431 Franklin C. Douglas, Denver, for plaintiff in error.
Arnold, Ross & Leh, Sterling, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Anna G. Oman, plaintiff in error defendant below will hereafter be referred to as defendant. Robert L. Morris et al., defendants in error plaintiffs below will hereafter be referred to as plaintiffs. Eddie and Opal Uhler, defendants in error defendants below will hereafter be referred to as the "Uhlers."
Involved herein is an appeal from the trial court's judgment granting strict foreclosure to the plaintiffs. The pertinent facts are as follows: In 1954 plaintiffs contracted to sell an apartment building to the Uhlers. In 1961 the Uhlers assigned their interest in the contract, one-half to Mildred and Lavern Oman and one-half to defendant, but continued to remain liable under the terms of the contract. The interest of Mildred and Lavern Oman was subsequently transferred to defendant, and they are not parties to this proceeding.
In December, 1965 plaintiffs initiated suit for strict foreclosure against the Uhlers and defendant for failure to make the required payments on the apartment house. In April, 1966 plaintiffs requested the appointment of a receiver. No objection to this request was made by defendant. In May, 1966 a receiver was appointed by the trial court. Trial was held before the court in December, 1966, and judgment for plaintiffs of strict foreclosure was entered on December 30 of that year.
The judgment granted defendant 50 days in which to redeem. In case of failure to redeem by defendant, the Uhlers were given an additional 10 days in which to redeem. Motions for new trial were made by both the Uhlers and defendant and were set for hearing on January 24, 1967. Defendant subsequently requested an extension of time and the hearing was rescheduled and heard on February 21, 1967.
*432 The 50-day period for redemption expired February 18, 1967. Defendant did not give notice of intent to redeem, and she did not file a motion for stay of execution. The Uhlers exercised their option to redeem by filing notice of intent to redeem on February 28, 1967.
After denial of her motion for a new trial, defendant sued out a writ of error from the Supreme Court, which was issued on March 1, 1967. On March 20, 1967, the trial court entered its order confirming title in Uhlers.
Before proceeding with defendant's allegations of error, one more pertinent fact should be mentioned. Defendant lodged the reporter's transcript with the Clerk of the District Court 129 days after her motion for new trial was denied. The transcript, on plaintiffs' motion, was stricken by order of the Supreme Court, since it was not submitted within 60 days as required by R.C.P. Colo. 112(f), and is not before this court.
Where there is no transcript before the court on appeal, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. Stuckman v. Kasal, 158 Colo. 232, 405 P.2d 948; Burton v. Garner, 150 Colo. 529, 374 P.2d 707. We are therefore limited in our review to those items of error which do not necessitate consideration of the transcript. Business and Product Promotion, Inc. v. East Tincup, Inc., 154 Colo. 268, 389 P.2d 851; Meagher v. Neal, 130 Colo. 7, 272 P.2d 992.
Defendant contends that the appointment of a receiver was improper in this case. Such contention is without merit. R.C.P. Colo. 66(a), provides:
"(a) When Appointed. A receiver may be appointed by the court in which the action is pending at any time:
(1) Before judgment, provisionally, on application of either party, when he establishes a prima facie right to the property, or to an interest therein, which is the subject of the action and is in possession of an adverse party and such property, or its rents, issues and profits are in danger of being lost, removed beyond the jurisdiction of the court, or materially injured or impaired; * * *."
The appointment of a receiver is normally addressed to the sound discretion of the trial court. Rigel v. Kaveny, 133 Colo. 556, 298 P.2d 396. Unless there is a clear abuse of discretion shown, this decision will not be upset upon review.
Nothing in the record before us indicates any such abuse of discretion. Plaintiffs' petition for the appointment of a receiver was sufficient to establish a prima facie showing of the need for a receiver; particularly, where there was to objection made by defendant to the appointment. Where she failed to object, she is deemed to have acquiesced in the court's action.
Defendant also contends that she was denied her redemptive rights when the trial court granted her but 50 days in which to redeem, the 50 days commencing upon entry of judgment. In this regard defendant alleges; first, that she was entitled to 6 months to redeem according to C.R.S. 1953, 118-9-3; and secondly, that the period of redemption must commence upon the denial of the motion for new trial, not the date of entry of judgment.
In contending that she has the 6-month statutory period in which to redeem, defendant relies on Self v. Watt, 128 Colo. 61, 259 P.2d 1074. However, the Self decision specifically states on page 65 of the Colorado Report, 259 P.2d on page 1076:
"An application for a strict foreclosure under an executory contract to shut out the rights of a purchaser is addressed to the sound discretion of the court, and the time allowed the purchaser to make payment of the arrears is largely with the discretion of the trial court. * * *"
In Self where the purchaser was 6 months in arrears on date of judgment, *433 the court granted him 30 days in which to redeem. In this case where the defendant is over one year in arrears, a 50-day redemption period would appear to be both reasonable and equitable.
We disagree with defendant's claim that the period of redemption commences to run from the date of the denial of new trial. King v. Williams, 131 Colo. 286, 281 P.2d 163, cited by defendant is not authority for this proposition. In King the finality of the judgment, insofar as the 3-month period for the filing of a writ of error was concerned, was said to start upon the date of denial of the motion for new trial. Nowhere in King does it state that the judgment may not be executed before the new trial motion is denied.
R.C.P. Colo. 62(b), states:
"(b) Stay on Motion for New Trial or for Judgment. In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of, or any proceedings to enforce, a judgment pending the disposition of a motion for a new trial, * * *."
Unless stayed by the court, a judgment may be executed upon before the new trial motion is decided. In the instant case, we have a judgment granting defendant 50 days within which to redeem the property. No stay of execution was requested or granted by the court. Therefore, we perceive no error in the fact that the 50-day period of redemption expired for defendant on February 18, 1967; particularly so, in view of the fact that defendant did not offer to redeem or request an extention of time before the expiration of the 50-day period.
In Davis v. Schiess, 417 P.2d 19 (Wyo. 1966), plaintiffs failed to redeem within the 30-day period granted to them. The Wyoming Supreme Court stated at page 23 of the Reporter:
"* * * plaintiffs having made no effort through a supersedeas bond or otherwise to maintain the status quo with respect to possession of the property, we think they have waived any right to claim further redemption rights."
Plaintiff further contends that the trial court's exercise of jurisdiction in this case after the issuance of the writ of error by the Supreme Court was error. We disagree. The trial court retains jurisdiction in order to enforce the judgment it has rendered where plaintiff did not move for stay of execution or file a supersedeas bond.
In England v. Colorado Agency, 145 Colo. 310, 359 P.2d 1, plaintiff had not requested a stay of execution of a temporary injunction. The court stated at page 313 of the Colorado Report, 359 P.2d at page 2:
"As already pointed out, no supersedeas, or other stay of temporary injunction, has been issued out of this court. In such circumstances there is no impediment to the enforcement of the judgment and orders of the trial court. The mere issurance of a writ of error here does not stay proceedings in the trial court."
Here, where defendant failed to take those affirmative steps necessary in order to prevent the trial court from making a final disposition of the case in accordance with its findings, no error was committed by the trial court in entering a final decree confirming title in the Uhlers after the writ of error had issued. Failure of defendant to stay the execution meant that the trial court retained jurisdiction and its actions subsequent to the issuance of the writ of error were fully within its powers.
We have reviewed the other alleged errors presented by defendant and conclude that their determination would require a consideration of the transcript, which as noted above, is not properly before this court. Without this transcript, the findings of the trial court must be presumed valid. Stuckman, supra.
The judgment is affirmed.
DUFFORD and DWYER, JJ., concur.