No. 16,084.

JULIUS HYMAN AND COMPANY ET AL. *v.*.
VELSICOL CORPORATION.
(201 P. [2d] 380)

Decided December 6, 1948. Rehearing denied January 3, 1949.

Mr. Donald S. Stubbs, Mr. Irving Hale, Jr., Mr. Kenneth W. Robinson, for plaintiffs in error.

Messrs. Hopkins, Sutter, Halls, DeWolfe, & Owen, Messrs. Lewis, Grant, Newton, Davis & Henry, Mr. W. B. King, of counsel.

Mr. John R. Coen, Mr. Floyd E. Thompson, Mr. Clyde E. Shorey, for defendant in error.

Messrs. Poppenhusen, Johnston, Thompson & Raymond, Messrs. Follanbee, Shorey & Schupp, of counsel.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

This inquiry stands submitted on defendant in error's motion to dismiss writ of error.

For the purposes of the motion, and only to that do we address ourselves, it is sufficient to state that defendant in error sued to enjoin plaintiffs in error "from making and selling insecticides made by using in any form or manner," certain letters patent and applications for patents, etc., alleged to be the property of defendant in error, and for an accounting in relation to the use thereof and sales already made by plaintiffs in error. On trial, injunction was adjudged, an accounting was ordered, and in furtherance thereof a master was appointed. Before the accounting was taken, or even be-

gun, plaintiffs in error obtained a writ of error, in which they challenged the judgment of injunction. By motion to dismiss such writ defendant in error questions the right of plaintiffs in error, proceeding prior to judgment on the accounting feature of the suit, to maintain such writ, for that, as said, the "decree is not final."

 Except as otherwise specifically provided by our rules, only as to final judgment does a writ of error lie. R.C.P. 111(a). That rule is not essentially different from our earlier code provisions, and is in conformity with the doctrine of our decisions promulgated through the years. In *Dusing v. Nelson,* 7 Colo. 184, 2 Pac. 922, we announced, that, "If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered." The foregoing is quoted with approval, and our decisions on the point are cited and reviewed in *Boxwell v. Bank,* 89 Colo. 574, 5 P. (2d) 868. While, so far as we are advised, the precise situation here has not heretofore been considered by us, we cannot think the facts in the instant case should move us to vary the rule. In a Missouri case of similar factuality, involving the alleged wrongful and unauthorized use of a certain patented formula, etc., the further use thereof was enjoined, an accounting ordered, and a master appointed to conduct it, with accompanying order requiring defendants "to attend before said master * * *" and "by its directors, officers, agents, servants and employees, from time to time, as required," etc. Without awaiting the accounting, defendants, following the practice in the jurisdiction of the judgment where review is by appeal, prayed and were granted an appeal. The appellate court dismissed the appeal, saying: "The record before us discloses that plaintiff's petition sought an injunction and damages in excess of $10,000. The decree entered in the case has determined the issues on the question of injunction, but the question of damages

is still undisposed of, and therefore there has not been a final judgment in the case." At another place in the opinion, appeared the following: "In the light of the record before us, we are constrained to the view that the appeal herein is premature and presents nothing upon which this court can act, because the judgment entered below is not a final judgment, since it settles only a part of the issues of the case." *Godfrey Mfg. Co. v. Lady Lennox Co.,* 110 S.W. (2d) 803 (St. Louis Court of Appeals). See, also, *Heck v. Heck Bros.,* 57 Cal. App. (2d) 599, 134 P. (2d) 853; *Smith v. Bunge,* 358 Ill. 229, 193 N.E. 122.

We have not failed to note the contention of plaintiffs in error, to the effect, that, regardless of the rule that a writ of error does not lie other than to a final judgment, the peculiar facts of this case should move us to examine on the present writ. In support of the theory thus advanced, our attention is directed to article VI, section 2, Colorado Constitution, which provides that we "shall have a general superintending control over all inferior courts, * * *." The weakness of the contention is that the facts of this case are not peculiar. They differ from those of the usual case only in the imposing sums involved. As already it appears, the controversy involves the right of plaintiffs in error, proceeding on patented formulas claimed by defendant in error, to manufacture and sell an insecticide, and which was enjoined below. Admittedly, sales of the product by plaintiffs in error up to the end of March, 1948, amounted to a sum in excess of $1,400,000. What their profits were was yet to be ascertained. They sought stay of judgment below, urging that the manufacture and sale of the product should be permitted to continue. The trial court indicated reasonable stay would be granted, but that it should be on terms. For its advice in the premises, the court requested counsel to suggest in what sum the bond should be fixed. Counsel for defendant in error, first reviewing the situation as revealed by the record, moved

that a bond in the sum of $500,000, be required. Plaintiffs in error made no suggestion whatever in relation thereto, nor have they intimated desire or purpose to give bond in any sum. The court fixed the bond in the sum of $250,000. Counsel for plaintiffs in error content themselves by saying they are unable to give bond in the sum fixed by the trial court. We do not understand that the rule which authorizes the trial court to require bond when stay of execution is sought, thus may be flouted. Perhaps, had their counsel cooperated with the court and opposing counsel in arriving at the amount to be stated in the bond, as the court requested, a sum less imposing would have been fixed. Not only did they fail to cooperate in the premises, but they did not extend to the court the courtesy of asking that the 'sum fixed be reduced. At that time damages had not been appraised, nor was there judgment for money in any sum. Indeed, pending report of the master appointed to take an accounting, no amount could be stated. What plaintiffs in error desired, notwithstanding the judgment of injunction against them, was to continue the manufacture and sale of the product involved in the litigation pending review here on a writ of error on a judgment not final. Since there was no judgment for money against them, plaintiffs in error had but to observe the injunction, desist from manufacturing and selling the product, and await final judgment. In that view, no bond in any substantial sum would have been in order, or likely required. We cannot give countenance to the unprecedented procedural methods sought to be invoked by plaintiffs in error.

Let the writ of error be dismissed.

MR. JUSTICE HAYS, MR. JUSTICE ALTER and MR. JUSTICE LUXFORD concur.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE JACKSON and MR. JUSTICE STONE dissent.