No. 20938.

BERTIE M. STILLINGS, ADMINISTRATRIX OF THE ESTATE
OF RAY STILLINGS, DECEASED *v.* IRENE J. DAVIS.
(406 P.2d 337)

Decided October 11, 1965.

FRANK D. ALLEN, FRANK ALLEN, JR., WILLIAM B.
PAYNTER, RICHARD B. PAYNTER, KENNETH C. SCULL, for
plaintiff in error.

KENNETH N. KRIPKE, EARL G. EBY, for defendant in
error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

IRENE DAVIS brought an action ex delicto against Ray Stillings, alleging that she suffered damage as a result of Stillings' negligent driving of a truck. Stillings denied any negligence on his part, and averred all the usual affirmative defenses. Trial by jury ensued and, at the conclusion of the presentation of evidence, Davis moved for a directed verdict in her favor on the issue of liability, reserving for a determination by the jury the issue of damages. This motion was denied. Thereafter the jury returned a verdict in favor of the defendant and judgment to that effect was duly entered.

Within the time provided by Rule 50 (b), R.C.P. Colo., Davis renewed her motion for a directed verdict in her favor on the issue of liability by filing a Motion for Judgment Notwithstanding the Verdict and for a New Trial on the Issue of Damages Alone. Upon hearing this motion was granted, and the trial court ordered that judgment be entered for Davis on the issue of liability and that a new trial be granted upon the issue of damages alone.

There has not as yet been a new trial on the issue of damages alone, inasmuch as Stillings immediately sued out a writ of error from this court whereby he now seeks review by us of the trial court's action in granting Davis' aforementioned motion for judgment in her favor on the issue of liability and for a new trial on the issue of damages only. From a purely procedural standpoint, Davis suggests that "this appeal appears to be premature" in that the order which Stillings seeks to have reviewed by us is only interlocutory in nature, and not a *final* judgment to which a writ of error would lie. With this contention we are in complete accord. ██ Rule 111, R.C.P. Colo., with certain exceptions

which are not here applicable, provides that a writ of error shall lie from the supreme court to a *final* judgment of the district court. A final judgment is defined as one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding. See, for example, *Peters v. Peters,* 82 Colo. 503, 261 Pac. 874. Application of this rule to the instant case demonstrates quite clearly that there has been no final judgment which *ends* the controversy between Davis and Stillings by determining completely and fully their respective rights. Parenthetically, it should be noted that we are not here concerned with the entry of a final judgment on one, but not all, of multiple claims as provided by Rule 54(b) R.C.P. Colo.

A somewhat analogous factual situation is to be found in *Vandy's Inc. v. Nelson,* 130 Colo. 51, 273 P.2d 633. There the plaintiff in a negligence action was awarded by a jury the sum of $526.52 and judgment to such effect was duly entered. Thereafter, the plaintiff filed a motion for a new trial on the issue of damages only. The trial court granted this motion and set aside the verdict of the jury insofar as it related to damages and directed a new trial be held on the issue of damages only. The defendant in that case thereupon immediately sued out a writ of error from this court, seeking a review of the order of the trial court that there be a new trial on the issue of damages only. In dismissing that writ of error this court held that there was no final judgment in the cause to which a writ of error would lie, the order being purely interlocutory in nature.

In resisting the charge that his writ of error is premature, Stillings relies upon *Noland v. Colorado School of Trades,* 153 Colo. 357, 386 P.2d 358, which he claims "definitely concludes any question as to the regularity of the appeal." We do not so view that case as being dispositive of the present controversy. In that case the

jury returned a verdict for the plaintiff in the sum of $16,000. Thereafter, the trial court granted the defendant's motion for judgment notwithstanding the verdict and accordingly entered a judgment in favor of the defendant. Clearly, such was a final judgment which ended the controversy by fully determining at the trial court level all rights of the respective parties. Without belaboring what we deem to be the obvious, the *Noland* case in our view does not control disposition of the instant matter.

There being no final judgment which ends the controversy between Irene Davis and Ray Stillings, the writ of error is premature and is therefore dismissed.

MR. JUSTICE SCHAUER not participating.