596 P.2d 412 (1979)
BALL CORPORATION, a corporation, and Ball Brothers Research Corporation, a corporation, Plaintiffs-Appellees and Cross-Appellants,
v.
Thomas J. LORAN and Canyon Products, Inc., a corporation, Defendants-Appellants and Cross-Appellees.
No. 79CA0302.
Colorado Court of Appeals, Division III.
May 31, 1979.
Roath & Brega, P. C., Charles F. Brega, J. Stephen McGuire, Denver, for plaintiffs-appellees and cross-appellants.
Williams, Trine & Greenstein, David W. Griffith, Wilfred R. Mann, Boulder, for defendants-appellants and cross-appellees.
RULAND, Judge.
Appellees and cross-appellants, Ball Corporation and Ball Brothers Corporation (Ball), filed a motion to dismiss this appeal. In the alternative, Ball requests that this court clarify the appealability of a ruling by the trial court. Upon consideration of the motion, the brief in support of the motion and the response of appellants and cross-appellees, Thomas Loran and Canyon Products, Inc., we dismiss the appeal.
Ball initiated this case by a complaint asserting six claims for relief against Loran and Canyon. Specifically, Ball alleged breach of an employee agreement, breach of confidential and fiduciary duties, misappropriation of trade secrets, unfair competition, violation of the laws of Japan, and violation of the Trademark Act of 1946 (15 U.S.C. §§ 1051, et seq.). Based upon these allegations, Ball requested an award of damages, injunctive relief, attorneys' fees, and costs.
Defendants answered the complaint and asserted a counterclaim. The case was bifurcated for purposes of trial, and the liability and injunctive issues were tried to the court. The trial court determined that the marketing information acquired by defendants did not constitute a trade secret, that defendants had misappropriated but were not using the trade secrets of Ball, that defendants had gained a "head start" in Japan by use of the trade secret before changing compositions, that defendants had falsely advertised their product in Japan, and that defendants had disparaged Ball's product. The trial court denied Ball's claim for injunctive relief, but determined that defendants were liable in damages. The amount of damages, if any, was deferred for resolution in a future proceeding, and the trial court entered an order pursuant to C.R.C.P. 54(b) seeking to authorize an appeal of its order.
Defendants appeal from the trial court's determination that they are liable for damages, and Ball cross-appeals from the order denying it injunctive relief. However, Ball requests that if we determine that defendants' appeal must be dismissed, we also dismiss the cross-appeal.
*413 Insofar as pertinent here, C.R.C.P. 54(b) provides that when more than one claim for relief is presented, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay. . . ." The issue is whether the trial court resolves a claim when it determines that a party is liable, but defers for future consideration the question of damages.
Only those orders which finally resolve a claim may be certified as a final judgment pursuant to C.R.C.P. 54(b). Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc., 31 Colo.App. 71, 497 P.2d 1033 (1972). While we find no Colorado appellate decisions addressing the issue presented here, we are persuaded by decisions interpreting Rule 54(b) of the Federal Rules of Civil Procedure. In Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), the plaintiffs had filed a complaint alleging that their employer's insurance and maternity leave regulations discriminated against women in violation of the Civil Rights Act of 1964. Plaintiffs requested an award of damages, injunctive relief, and other costs. The Federal District Court ruled that the employer was liable, but reserved for future consideration the issues of whether plaintiffs were entitled to damages and injunctive relief. The Supreme Court held that the question of plaintiffs' relief having been deferred for future consideration, the district court's ruling was not appealable under Rule 54(b) because the order was interlocutory. See also International Controls Corp. v. Vesco, 535 F.2d 742 (2d Cir. 1976); Western Geophysical Company of America, Inc. v. Bolt Associates, Inc., 463 F.2d 101 (2d Cir. 1972). Thus, we hold that the trial court's order determining that the defendants here are liable does not constitute the resolution of a claim unless and until the trial court determines what relief, if any, Ball may secure.
Appeal dismissed.
BERMAN and KELLY, JJ., concur.