HARDING GLASS COMPANY, INC., a Missouri corporation, Bill Stephens and Everett Young, Petitioners,

v.

Robert JONES and Barbara Jones, on their own behalf and on behalf of their daughter, Gretchen Jones, a minor, Respondents.

No. 80SC222.

Supreme Court of Colorado, En Banc.

Jan. 11, 1982.

Rehearing Denied Feb. 1, 1982.

**1124**

Cook, Gilles & Schaefer, Elwyn F. Schaefer, and DeMoulin, Anderson, Campbell & Laugesen, Laird Campbell, J. Kent Miller, Denver, for petitioners.

Russell E. Vigil, Denver, for respondents.

Williams, Trine, Greenstein & Griffith, P. C., Joel H. Greenstein, J. Conrad Metcalf, Boulder, for amicus curiae Colorado Trial Lawyers Ass'n.

Roath & Brega, P. C., J. Stephen McGuire, Denver, for amicus curiae Caryl Adams, Individually, and as trustee of the V. M. Johnson 1962 Trust.

Fairfield & Woods, Charles E. Mathseon, Jac K. Sperling, Denver, for amicus curiae Paine, Webber, Jackson & Curtis, Inc.

LOHR, Justice.

We granted certiorari to review the decision of the Colorado Court of Appeals in *Jones v. Harding Glass Co., Inc.,* Colo.App., 619 P.2d 777 (1980), which held that a claim for exemplary damages was not subject to the one-year statute of limitations contained in section 13–80–104, C.R.S.1973.

1. We express no opinion on the merits of the

We conclude that the court of appeals lacked jurisdiction over this case because the trial court erred in determining that the ruling appealed from could be certified as a final judgment under C.R.C.P. 54(b). Therefore, we return the case to the court of appeals with directions to dismiss the appeal.[1]

The procedural background relevant to the jurisdictional issue which we address can be briefly summarized. On January 11, 1979, Robert and Barbara Jones filed a complaint on their own behalf and on behalf of their minor daughter, Gretchen Jones, in the Denver District Court, seeking compensatory and punitive damages against Harding Glass Company, its manager, and one of its truck drivers. The complaint alleged that Gretchen Jones suffered personal injuries on June 21, 1977, when a Harding Glass Company truck struck the bicycle on which she was riding. Two claims for relief were set forth in the complaint. The first was founded on negligence and supported a prayer for actual damages. Punitive, or exemplary, damages were sought based on the second claim, which alleged willful, wanton, and reckless conduct.

The defendants asserted in their answer that the claim for punitive damages was barred by a one-year statute of limitations, section 13–80–104, C.R.S.1973, and subsequently moved for a partial summary judgment on this basis. The trial court granted the defendants' motion, determined that there was no just reason for delaying the entry of final judgment on the exemplary damages claim, and directed that a final judgment be entered pursuant to C.R.C.P. 54(b) dismissing that claim. The plaintiffs appealed, and the court of appeals reversed, holding that the one-year statute of limitations was inapplicable. We then granted certiorari.

**I.**

All the parties contend that the court of appeals and this court have jurisdiction to review the partial summary judgment by virtue of C.R.C.P. 54(b), which provides:

court of appeals' decision.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

This rule creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought. *See* section 13–4–102(1), C.R.S. 1973 (1980 Supp.); C.A.R. 1(a).[2]

█ In deciding whether to issue a Rule 54(b) certification (*i.e.*, an express determination that there is no just reason for delay and an express direction for the entry of judgment) with respect to a decision which does not dispose of the entire case in a multiple claims action, a trial court must engage in a three-step process. First, it must determine that the decision to be certified is a ruling upon an entire "claim for relief." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64

L.Ed.2d 1 (1980);[3] *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); *see Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc.*, 31 Colo.App. 71, 497 P.2d 1033 (1972). Next, it must conclude that the decision is final "in the sense of an ultimate disposition of an individual claim." *Sears, Roebuck & Co. v. Mackey, supra*, 351 U.S. at 436, 76 S.Ct. at 900, 100 L.Ed. at 1306; *accord, Curtiss-Wright Corp. v. General Electric Co., supra; Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc., supra*. Finally, the trial court must determine whether there is just reason for delay in entry of a final judgment on the claim. *Id.*

█ The task of assessing whether there is just reason for delay is committed to the trial court's sound judicial discretion. *Id.* Review of a trial court's ruling on that question is limited to an inquiry into whether that discretion has been abused. "The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable." *Curtiss-Wright Corp. v. General Electric Co., supra*, 446 U.S. at 10, 100 S.Ct. at 1466, 64 L.Ed.2d at 13. A trial court's determinations that a "claim for relief" is the subject of the decision sought to be certified and that the decision is final, however, are not truly discretionary. The correctness of these two determinations is fully reviewable by an appellate court. This has been expressed by the statement that the trial court "cannot, in the exercise of its discretion, treat as 'final'[4] that which is not 'final'." *Sears,*

**2.** Absent an applicable exception provided by rule or statute, an appeal lies only from a final judgment "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *D. H. v. People*, 192 Colo. 542, 544, 561 P.2d 5, 6 (1977) (quoting from *Stillings v. Davis*, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965)). The instant partial summary judgment unquestionably is not a "final judgment" in this sense.

**3.** Because C.R.C.P. 54(b) is identical to Fed.R. Civ.P. 54(b), except for two insignificant differences in punctuation, case law interpreting the

federal rule is persuasive in analysis of the Colorado rule. *Moore and Co. v. Triangle Construction and Development Co.*, Colo.App., 619 P.2d 80 (1980); *Ball Corp. v. Loran*, 42 Colo. App. 501, 596 P.2d 412 (1979); *Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc.*, 31 Colo.App. 71, 497 P.2d 1033 (1972).

**4.** In analyzing and discussing the propriety of Rule 54(b) certifications, the requirements that to be eligible for certification a decision must dispose of an entire claim for relief and must be an ultimate disposition of that claim are sometimes compressed into a single requirement that there be a final judgment. *E.g., Curtiss-Wright Corp. v. General Electric Co., supra.*

*Roebuck & Co. v. Mackey, supra,* 351 U.S. at 437, 76 S.Ct. at 900, 100 L.Ed. at 1307; *accord, Cinerama, Inc. v. Sweet Music, S. A.,* 482 F.2d 66 (2d Cir. 1973); *Trans Central Airlines, Inc. v. Peter J. McBreen & Associates, Inc., supra; see 6 Moore's Federal Practice* ¶ 54.30[1] (2d Ed. 1980); Annot., 38 A.L.R.2d 377, § 4[b], [c] (1954 and Later Case Service).

## II.

In the case now before us, the appropriateness of the trial court's Rule 54(b) certification was not challenged by the parties in the court of appeals. When we granted certiorari, we directed briefing of all issues, including the propriety of the certification. All parties now argue that the certification was proper.

■ As we have noted, however, a Rule 54(b) certification effects an exception to the general rule that an entire case must be decided prior to appeal of any ruling in the case. Accordingly, an appellate court's jurisdiction to entertain the appeal of a decision so certified is dependent upon the correctness of the certification. For this reason, we are obligated to raise and resolve the question of the legal sufficiency of the Rule 54(b) certification on our own motion if necessary. *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); see Annot., 38 A.L.R.2d 377, § 2[b] (1954 and Later Case Service).

■ In considering whether the Rule 54(b) certification was proper, our inquiry focuses on whether the punitive damages claim constitutes a "claim for relief" within

the meaning of C.R.C.P. 54(b). As pertinent here, C.R.C.P. 54(b) is limited by its own terms to an action involving multiple claims for relief, at least one of which has been fully adjudicated. "Rule 54(b) may properly be applied only to actions in which there has been a final decision on one or more but fewer than all the multiple claims raised." *Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572 at 583 n.21, 100 S.Ct. 800, 807, 63 L.Ed.2d 36 (1980). The lower courts apparently acted on the premise that each of the separately asserted claims for compensatory and punitive damages in the plaintiffs' complaint states a distinct claim for relief, and concluded that the trial court's partial summary judgment fully disposed of one of those claims. We conclude that the premise is erroneous and the resulting conclusion incorrect.

The definition of a claim for relief for purposes of Rule 54(b) has proved elusive, 10 *C. Wright and A. Miller, Federal Practice and Procedure* § 2657 (1973), but it is clear that a complaint asserting a single legal right states only a single claim, *e.g., Liberty Mutual Insurance Co. v. Wetzel, supra; Acha v. Beame,* 570 F.2d 57 (2d Cir. 1978); *Cole v. Peterson Realty, Inc.,* 432 A.2d 752 (Me.1981); see 10 *C. Wright and A. Miller, Federal Practice and Procedure* § 2657 (1973).[5] This conclusion pertains even though multiple remedies may be sought for the alleged violation of that legal right. *Id.*

The Colorado statute providing for the recovery of exemplary damages, section 13–21–102, C.R.S.1973, does not create a separate legal right. It provides:

5. There appears to be some remaining uncertainty over the extent to which separate claims for purposes of Rule 54(b), in addition to stating multiple legal rights, must also arise from factually distinct events. *See Cole v. Peterson Realty, Inc.,* 432 A.2d 752 (Me.1981). On the one hand, the presence of some common questions of fact between two distinct claims is not sufficient in itself to preclude Rule 54(b) certification. *See Sears, Roebuck & Co. v. Mackey, supra; Cold Metal Process Co. v. United Engineering & Foundry Co.,* 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956). On the other hand, the assertion of alternative legal theories as bases for liability where the underlying facts

permit only a single recovery has been held to present only a single claim for relief. *See e.g., Edney v. Fidelity & Guaranty Life Insurance Co.,* 348 F.2d 136 (8th Cir. 1965); *Backus Plywood Corp. v. Commercial Decal, Inc.,* 317 F.2d 339 (2d Cir. 1963), *cert. den.,* 375 U.S. 879, 84 S.Ct. 146, 11 L.Ed.2d 110 (1963); *see generally,* 10 *C. Wright and A. Miller, Federal Practice and Procedure,* § 2657 (1973). We need express no further view on this question today, given that the present action clearly involves the assertion of only one legal right. *See Liberty Mutual Insurance Co. v. Wetzel, supra,* 424 U.S. at 743 n.4, 96 S.Ct. at 1206 n.4, 47 L.Ed.2d 441, n.4.

In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

That statute applies only when a civil wrong has been attended by aggravating circumstances; by its own terms section 13–21–102 has no application in the absence of a successful underlying claim for actual damages. *See Armijo v. Ward Transport, Inc.*, 134 Colo. 275, 302 P.2d 517 (1965); *Ress v. Rediess*, 130 Colo. 572, 278 P.2d 183 (1954). Consequently, the plaintiffs' complaint states but a single claim for relief, and the trial court's partial summary judgment disposed of only a portion of that single claim.

Faced with a similar summary disposition of a punitive damages claim, the Colorado Court of Appeals has held that a Rule 54(b) certification is improper. *Moore and Co. v. Triangle Construction and Development Co., Inc.*, Colo.App., 619 P.2d 80 (1980);[6] *accord, Cole v. Peterson Realty, Inc., supra.* In an analogous situation, it has been held repeatedly that a partial summary judgment on liability where the question of damages is reserved does not fully resolve a single claim for relief and so cannot be made appealable by a Rule 54(b) certification. *E.g., Liberty Mutual Insurance Co. v. Wetzel, supra; Williams v. St. Louis Diecasting Corp.*, 611 F.2d 1223 (8th Cir. 1979); *Ball Corp. v. Loran*, 42 Colo.App. 501, 596 P.2d 412 (1979). Similarly, disposition of only one of several elements of damages sought does not constitute an appealable ruling, *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977), even when purportedly certified as final under Rule 54(b), *Marino v. Nevitt*, 311 F.2d 406 (2d Cir. 1963); *Biro v. Schombert*, 285 Md. 290, 402 A.2d 71 (1979).

 The purpose of requiring that an entire claim for relief be finally adjudicated before Rule 54(b) certification is proper is to avoid the dissipation of judicial resources through piecemeal appeals. *E.g., Curtiss-Wright Corp. v. General Electric Co., supra; Cinerama, Inc. v. Sweet Music, S. A., supra.* The instant case demonstrates the soundness of this requirement. In order for the plaintiffs to prevail on their exemplary damages claim, they must first establish the defendants' liability for compensatory damages. *Armijo v. Ward Transport, Inc., supra; Ress v. Rediess, supra.* Should the plaintiffs fail to meet that burden, appellate review of the statute of limitations defense would be rendered superfluous. As stated by the Supreme Judicial Court of Maine:

> The possibility always exists that our review of a claim such as that presented by this appeal could be mooted by subsequent developments in [the trial court]. To permit the appeal would make the [appellate court] a type of "advisory board" and undermine the efficiency of our judicial process.

*Cole v. Peterson Realty, Inc., supra*, 432 A.2d at 756.

We conclude that the trial court's partial summary judgment was an interlocutory order and that the appeal at this stage of the proceedings consequently was improper. We therefore vacate the judgment of the court of appeals and return the case to that court with directions that it dismiss the plaintiffs' appeal.

DUBOFSKY, J., does not participate.

---

**6.** Judge Van Cise, the author of the opinion in *Moore and Co. v. Triangle Construction and Development Co., Inc., supra*, expressed that same view as one basis for his dissent in the present case.