Edmond ALEXANDER, Raymond Anderson, et al., Plaintiffs-Appellees,

v.

The CITY OF COLORADO SPRINGS, a municipal corporation, Defendant-Appellant.

Nos. 80CA0329, 80CA0640.

Colorado Court of Appeals, Div. II.

Sept. 2, 1982.

Rehearing Denied Oct. 7, 1982.

Certiorari Denied Nov. 29, 1982.

Gordon D. Hinds, City Atty., James C. Colvin, II, City Atty., Jackson L. Smith, Michael J. Heydt, Deputy City Attys., Spurgeon, Haney & Howbert, W. Allen Spurgeon, Colorado Springs, for defendant-appellant.

Hornbein, MacDonald, Fattor & Buckley, P.C., Donald P. MacDonald, Rhett K. Dacus, Denver, Cross, Gaddis, Kin & Quicksall, David L. Quicksall, Colorado Springs, for plaintiffs-appellees.

PIERCE, Judge.

Defendant, City of Colorado Springs (City), appeals partial summary judgment entered in favor of plaintiffs, discharged city employees. We dismiss this appeal as premature.

The City of Colorado Springs adopted a charter amendment entitled "Removal of Striking Employees." A subsection of this amendment requires that each city employee be furnished a copy of the amendment and be apprised of its provisions. Plaintiffs were absent from employment when the City implemented discharge proceedings without complying with this notice provision.

At the beginning of discharge hearings, plaintiffs filed this action for injunctive relief and damages under 42 U.S.C.A. § 1983 (1976). The trial court granted a preliminary injunction which enjoined the City from proceeding with these hearings. Later, the trial court granted plaintiffs' motion for partial summary judgment and ordered a mandatory permanent injunction which required the City to reinstate plaintiffs to their former positions. The trial court certified the granting of the permanent injunction as a final judgment under C.R.C.P. 54(b), while reserving the questions of liability and damages under 42 U.S. C.A. § 1983 (1976).

Our jurisdiction to entertain an appeal of the trial court's C.R.C.P. 54(b) certification depends upon the correctness of the certification itself. See Harding Glass Co. v. Jones, 640 P.2d 1123 (Colo. 1982). Before an appeal can be brought, all claims for relief in a case must be resolved by final judgment unless C.R.C.P. 54(b) or another rule or statutory section is applicable. D.H. v. People, 192 Colo. 542, 561 P.2d 5 (1977). A final judgment ends the action "leaving nothing further for the court ... to do in order to completely determine the rights of the parties involved in the proceeding." Stillings v. Davis, 158 Colo. 308, 406 P.2d 337 (1965).

However, pursuant to C.R.C.P. 54(b), a trial court may certify the entry of a final judgment of a particular claim in actions involving multiple claims for relief. A C.R. C.P. 54(b) certification requires the trial court to determine:

"First, ... that the decision to be certified is a ruling upon an entire 'claim for relief ....' Next, that the decision is final 'in the sense of an ultimate disposition of an individual claim .... Finally, ... whether there is just reason for delaying entry of a final judgment on the claim." Harding Glass Co., supra, at 1125.

In the instant case, appeal cannot be taken because the final order under C.R. C.P. 54(b) is improperly granted. The judgment is void because C.R.C.P. 54(b) applies only when multiple claims for relief are present. C.R.C.P. 54(b) cannot be used to appeal a part of a single claim for relief. See Moore & Co. v. Triangle Construction & Development Co., 44 Colo.App. 499, 619 P.2d

80 (1980). By its terms C.R.C.P. 54(b) is limited to an action involving multiple claims for relief, at least one of which has been totally adjudicated.

■ Although plaintiffs here requested different remedies for relief, injunction and damages, the multiple remedies sought were to redress the violation of one legal right. *See Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976); *Julius Hyman & Co. v. Velsicol Corp.,* 119 Colo. 121, 201 P.2d 380 (1948). Plaintiffs assert their due process right to appropriate notice prior to termination of employment was violated, and should have been remedied by either entry of an injunction, or damages, or both. As plaintiffs allege the violation of one legal right, only one claim is asserted, which, by virtue of its singularity, is not certifiable under C.R.C.P. 54(b). *See Harding Glass Co., supra.*

The appeal is dismissed.

STERNBERG, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

Respectfully, I dissent.

If ever a case warranted certification under C.R.C.P. 54(b), this is it. There are 101 named plaintiffs, all of whom joined in a single suit requesting injunctive relief and damages under 42 U.S.C.A. § 1983. The trial court correctly perceived, when it entered its 54(b) order, that the case would be determined primarily by whether or not the trial court was correct in issuing the permanent injunction, and evidently the parties, by not objecting here to the entry of the order, perceived the same effect.

Nor does the entry of a 54(b) order here involve any dissipation of judicial resources; on the contrary, a profligate expenditure of judicial resources will be an inevitable consequence of the majority's dismissal of this appeal under the dictates of *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982). By this dismissal we are requiring the trial court to have 101 separate proceedings to determine the amount of damages suffered by each of the 101 plaintiffs. Worse yet, if the issuance of the permanent injunction is eventually held to be in error, then all these individual determinations will have been for naught.

The judiciary is constantly engaged in efforts to conserve judicial time, not to mention ways to reduce high costs of litigation. The dismissal of this appeal pursuant to the holding in *Harding Glass Co., supra,* is directly contrary to these goals.

In the face of this decision, I find little reason to believe that C.R.C.P. 54(b) has any viable purpose left. Perhaps our judicial system would be best disposed to eliminate the right for any 54(b) certification.