**VIRDANCO, INC., an Illinois corporation, Plaintiff–Appellee,**

v.

**MTS INTERNATIONAL and Robert C. Hughes, Defendants–Appellants.**

No. 89CA0093.

Colorado Court of Appeals,
Div. V.

April 5, 1990.

Berenbaum & Weinshienk, P.C., Martin D. Buckley, Denver, for plaintiff-appellee.

Kripke, Epstein & Lawrence, P.C., James S. Miller and Scott W. Lawrence, Denver, for defendants-appellants.

Opinion by Judge CRISWELL.

Defendants, MTS International and Robert C. Hughes, appeal from an order of the trial court directing that judgment enter against them "in the minimum amount of $30,000" and directing that a master be appointed to prepare an accounting between the parties. However, because we are convinced that such order is not a final judgment, and could not be made final under C.R.C.P. 54(b), we dismiss the appeal without prejudice.

Plaintiff, Virdanco, Inc., initiated this action alleging that defendants had breached

certain fiduciary obligations, which arose as a result of defendants' agreement to provide collection services for plaintiff's overdue accounts receivable. While the form of this complaint seemed to state only a single claim for relief, it sought a variety of cumulative remedies, including (1) an accounting, (2) compensatory damages, (3) punitive damages, and (4) attorney fees.

Prior to the commencement of a bench trial upon this complaint, plaintiff's counsel informed the court that plaintiff's "primary claim for relief" was for an accounting because otherwise it would not be possible to determine the extent of defendants' monetary obligation to plaintiff. In response to this assertion, defendants indicated that, aside from certain "details" to be agreed upon, they had no objection to an order directing such an accounting.

After the presentation of the parties' evidence, the trial court, relying on *Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App.1983), independently determined that an accounting was warranted, because "Plaintiff would be unable to determine how much money it is owed by Defendant[s] without an accounting." It concluded, therefore, that a master should be appointed to conduct such an accounting, and it announced certain principles by which the master was to be guided in preparing that accounting.

In addition, however, the court also concluded that defendants were liable to plaintiff for compensatory damages "in a minimum amount of $30,000," for exemplary damages in the amount of $100,000, and for attorney fees. The court also expressly provided that the amount of actual damages awarded could be increased if warranted by the later accounting.

These conclusions were reduced to writing and signed by the court. At a later date, the court entered an order under C.R. C.P. 54(b) indicating that its prior written order was intended to be a "final judgment" because that order had disposed of all of plaintiff's claims.

Thereafter, defendants initiated this appeal, complaining of errors allegedly committed by the trial court in entering its award of compensatory and punitive damages and of attorney fees. They make no complaint about the court's order directing an accounting. They assert, however, that the orders about which they complain are not final judgments under C.R.C.P. 54 and 58. We agree with this latter assertion.

In order for a trial court to enter a final judgment on less than all of the claims pending before it pursuant to C.R. C.P. 54(b), the order certified as final must dispose of an "entire claim." Thus, if only a single claim is asserted, but multiple remedies are sought based upon that single claim, an order denying one remedy, but not disposing of the requests for other remedies, cannot be made a final judgment by the entry of a C.R.C.P. 54(b) certification. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982).

Here, plaintiff's complaint might be viewed as asserting only a single claim, but requesting the cumulative remedies of an accounting and damages. Alternatively, it could be construed as asserting two claims for relief, one for an accounting and a second for damages. In either event, however, we are convinced that, at least with respect to that portion of the trial court's order that purported to award compensatory and punitive damages and attorney fees, the trial court's order did not dispose of an entire claim.

If plaintiff's complaint can be looked upon as requesting multiple remedies for but a single claim, the trial court could not make any part of its order a final judgment until it had finally disposed of all of the issues relating to all of the remedies requested. *Harding Glass, supra* (request for both compensatory and exemplary damages); *Alexander v. City of Colorado Springs*, 655 P.2d 851 (Colo.App.1982) (request for both damages and injunctive relief). And, the court's order itself noted that the damage award was not final, but could be modified after the accounting had been completed.

On the other hand, if the request for an accounting is looked upon as a claim separate from the claim for the damages that would be reflected as a result of that accounting, there is some authority that would suggest that a decree ordering an accounting can be made final even before the actual accounting is completed. *See Radio Station WOW, Inc. v. Johnson,* 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092 (1945); *Rappaport v. Stein,* 351 Pa.Super. 370, 506 A.2d 393 (1985); *2416 Corp. v. First National Bank,* 91 Ill.App.3d 961, 47 Ill.Dec. 415, 415 N.E.2d 420 (1980). *But see Julius Hyman & Co. v. Velsicol Corp.,* 119 Colo. 121, 201 P.2d 380 (1948) (order of permanent injunction not appealable until accounting ordered by court is completed).

In this case, however, it is not the order directing an accounting about which the defendants complain. Thus, even if we assume that the decree directing an accounting could be made final, whether *that* portion of the court's order is final is irrelevant to the issue presented here.

■ In order for a judgment to be "final" with respect to a whole, single claim, that order must fix *all* damages stemming from that claim. *International Controls Corp. v. Vesco,* 535 F.2d 742 (2d Cir.1976); *United States v. Burnett,* 262 F.2d 55 (9th Cir.1958). Thus, if the court's order purports to award some damages, but reserves the right to award additional damages at a later date, that order does not dispose of an entire claim and cannot be made a final judgment under C.R.C.P. 54(b). *Wheeler Machinery Co. v. Mountain States Mineral Enterprises, Inc.,* 696 F.2d 787 (10th Cir.1983); *International Controls Corp. v. Vesco, supra.*

■ Here, the pertinent court order determined that plaintiff had suffered damages in a minimum amount, but it reserved the right to increase its damage award at a later date. Since this order did not resolve the question of the total amount due to plaintiff (whether the "claim" therefor is considered as only a part of the accounting claim or as a 'separate claim), but reserved the right to increase those damages as a result of the accounting to be engaged in, its order did not dispose of an entire claim. Thus, that order could not be made a final judgment under C.R.C.P. 54(b). *Harding Glass Co. v. Jones, supra.*

There being no final judgment from which defendants can appeal, that appeal is premature, and we lack jurisdiction over this cause. C.A.R. 1(a)(1). *See Ball Corp. v. Loran,* 42 Colo.App. 501, 596 P.2d 412 (1979).

Appeal dismissed without prejudice.

NEY and DAVIDSON, JJ., concur.