STATE of Colorado ex rel. Ken SALAZAR, Attorney General, Plaintiff–Appellee,

v.

GENERAL STEEL DOMESTIC SALES, LLC, d/b/a General Steel; Capital Steel Industries, LLC, d/b/a Capital Steel, Inc., a Colorado corporation; Jeffrey Knight, individually; Kevin Neal Kissire, individually; Bruce Graham, *individually*; Jordan Blum, individually; and Jeffrey Scott Donelson, individually, Defendants–Appellants.

No. 05CA0286.

Colorado Court of Appeals, Div. A.

June 16, 2005.

Certiorari Denied Feb. 27, 2006.*

---

* Chief Justice MULLARKEY and Justice COATS would grant as to the following issues:

Whether a trial court's decision to direct entry of final judgment on a claim pursuant to Colorado Rule of Civil Procedure 54(b) is fully reviewable by an appellate court or whether the trial court's decision must be given substantial deference.

Whether an action brought under Colorado's Consumer Protection Act involving numerous customers presents one claim or multiple claims for the purposes of directing final judgment pursuant to C.R.C.P. 54(b).

Whether, in determining if a case presents more than one claim for the purposes of C.R.C.P. 54(b), a court should base its decision on the substance of the action or on the manner in which a party presented the claims in the complaint.

John W. Suthers, Attorney General, Maria E. Berkenkotter, Assistant Attorney General, Andrew P. McCallin, Assistant Attorney General, Jay B. Simonson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Davis Graham & Stubbs, LLP, Andrew M. Low, Rudy E. Verner, Denver, Colorado, for Defendants–Appellants.

Perkins Coie, LLP, Robert N. Miller, Frederick T. Winters, Denver, Colorado; Lewis Meyers & Scheid, LLC, R. Daniel Scheid, Denver, Colorado; Law Offices of Richard F. Taub, Richard F. Taub, Lakewood, Colorado, for Defendants–Appellants General Steel Domestic Sales, LLC, d/b/a General Steel, and Jeffrey Knight.

Steese & Evans, PC, Kevin D. Evans, Meredith A. Munro, Denver, Colorado, for Defendants–Appellants Bruce Graham, Jordan Blum, and Jeffrey Scott Donelson.

WEBB, J.

In this Colorado Consumer Protection Act (CCPA) case, plaintiff, State of Colorado, moves to dismiss the appeal of defendants, General Steel Domestic Sales, LLC, Jeffrey Knight, Bruce Graham, Kevin Neal Kissire, Capital Steel Industries LLC, Jordan Blum and Jeffrey Scott Donelson, for lack of a final judgment. We dismiss the appeal without prejudice.

The State brought this enforcement action under the CCPA, § 6–1–101, et seq., C.R.S. 2004, seeking an injunction, civil penalties, restitution, disgorgement, attorney fees, and costs.

In response to a motion in limine to exclude hearsay statements of consumers who would not be available for cross-examination, the trial court instead sua sponte bifurcated the trial. The court limited phase I to claims of a few consumers whom defendants had cross-examined, explaining:

> If the Court determines that defendants or any of them have liability to any consumers whose testimony is presented in that fashion, then the Court will determine, after receiving proposals from the parties, a procedure whereby claims of other consumers may be presented and resolved.

After the phase I trial, in a lengthy written order the court found in favor of the State on four claims that alleged various deceptive trade practices. The court assessed civil penalties of $280,000, awarded injunctive relief, and ordered restitution paid to the State for transmission to eight consumers in amounts ranging from $3,000 to $10,000. The court also directed that the parties submit procedural proposals for determining restitution to consumers who did not testify in phase I.

The court then granted defendants' motion for certification under C.R.C.P. 54(b); entered a final judgment as to all matters

covered by its findings, conclusions, and order of judgment on phase I; and stayed most further proceedings pending the outcome of defendants' appeal. The court explained its finding of "no just reason for delay" as allowing defendants to resolve two legal issues that would significantly affect phase II:(1) whether defendants are entitled to a jury trial, and (2) whether the State can obtain relief involving out-of-state consumers. Both sides describe the phase II proceedings as potentially involving thousands of consumers, depending on resolution of the out-of-state issue.

## I.

Defendants first contend we must afford substantial deference to the trial court's determination that its ruling on phase I completely resolved one claim for relief. We disagree.

The court of appeals has initial jurisdiction over appeals from "final judgments of the district courts." Section 13–4–102(1), C.R.S. 2004; C.A.R. 1(a)(1).

A final judgment "ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding." *Stillings v. Davis*, 158 Colo. 308, 310, 406 P.2d 337, 338 (1965).

Under C.R.C.P. 54(b), where a trial court finds that (1) the decision to be certified is a ruling on an entire claim for relief, (2) the decision is final in that it is an ultimate disposition of an individual claim, and (3) there is no just reason for delay, the court may direct entry of a final judgment that completely resolves at least one claim as to at least one party in a case involving multiple parties or multiple claims. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982); *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567 (Colo.App.2003).

If the court of appeals determines that a C.R.C.P. 54(b) order has been improperly entered, then the appeal must be dismissed for lack of jurisdiction. *People in*

*Interest of B.J.F.*, 761 P.2d 297 (Colo.App. 1988).

In *Georgian Health Center, Inc. v. Colonial Painting, Inc.*, 738 P.2d 809, 810 (Colo. App.1987), a division of this court held that whether a trial court has ruled "upon an entire claim for relief" is "fully reviewable by an appellate court." *See also Harding Glass Co. v. Jones, supra*, 640 P.2d at 1125 (trial court's decision on finality is "not truly discretionary," but is "fully reviewable by an appellate court"). *But see Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo.1986)(trial court's decision on finality "should be given substantial deference because that court is the one most likely to be familiar with the case").

Because Fed.R.Civ.P. 54(b) is substantially similar to C.R.C.P. 54(b), authority interpreting the federal rule is persuasive. *People v. Dunaway*, 88 P.3d 619 (Colo.2004). In *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), the Court explained:

There are thus two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference . . . .

To "scrutinize" approaches de novo review because an appellate court has an independent duty to ensure that limits on its jurisdiction are observed; however, some deference should be given where the district court has made its reasoning clear. *In re Southeast Banking Corp.*, 69 F.3d 1539 (11th Cir.1995).

Accordingly, we follow the division in *Georgian Health Center, supra*, and fully review whether the trial court completely resolved a single claim for relief.

## II.

Defendants next contend each request for restitution as to each consumer is a

separate claim for purposes of certification under C.R.C.P. 54(b). Again, we disagree.

■ "In order for a judgment to be 'final' with respect to a whole, single claim, that order must fix *all* damages stemming from that claim." *Virdanco, Inc. v. MTS, Int'l,* 791 P.2d 1236, 1238 (Colo.App.1990); *see also Int'l Controls Corp. v. Vesco,* 535 F.2d 742 (2d Cir.1976) (a default judgment that awarded damages in a sum certain was not a single claim where the order expressly allowed plaintiffs to prove additional damages); *Alexander v. City of Colorado Springs,* 655 P.2d 851 (Colo.App.1982)(C.R.C.P. 54(b) certification of permanent injunction improper where trial court reserved issue of damages on same claim).

Here, in granting C.R.C.P. 54(b) certification, the trial court noted that "both parties would spend vast sums of money preparing 'phase two' for trial" and its determination of two "purely legal issues" (whether defendants are entitled to a jury trial and whether the State can pursue claims with respect to out-of-state consumers) would significantly impact phase II. However, the court did not make an express finding that restitution for each consumer constituted a "single claim for relief."

■ We agree with the trial court that a ruling on the two legal issues would be helpful to the parties in phase II. Regardless, a ruling on an interlocutory question of law cannot be certified under C.R.C.P. 54(b). *Alexander v. City of Colorado Springs, supra,* 655 P.2d at 853 ("By its terms C.R.C.P. 54(b) is limited to an action involving multiple claims for relief, at least one of which has been totally adjudicated.").

■ Defendants agree both that a claim is not fully resolved when issues concerning restitution remain to be decided and that the State's entitlement to further restitution must be determined in phase II of this case. Nevertheless, they assert that, because consumers ordered various products, in separate transactions, involving different salespersons, restitution to each consumer constitutes a separate claim. We are not persuaded.

The State brought this case as an exercise of its enforcement power under §§ 6–1–103 and 6–1–110, C.R.S.2004. The amended complaint did not name any consumers or seek restitution based on any particular claim for relief. The prayer in the amended complaint sought several forms of relief for all claims, including, "orders pursuant to § 6–1–110(1), C.R.S. [2004] necessary to completely compensate and restore money or property to consumers injured by Defendants' deceptive trade practices."

In its order denying defendants' demand for a jury trial, the trial court found that, "regardless of the defendants' criticism of the form of the complaint, there is little doubt that its basic thrust, if not its entire thrust, is equitable in nature." While we do not decide this issue, the finding is supported by the CCPA, which provides that, when granting injunctive relief against deceptive trade practices in an action brought by the attorney general, the court may make such orders or judgments "which may be necessary to completely compensate or restore to the original position of any person injured by means of any such practice." Section 6–1–110(1). Thus, restitution to individual consumers is recognized as part of a single claim brought by the attorney general.

The CCPA also permits an actual or potential consumer injured by a deceptive trade practice to bring a private action. Section 6–1–113(1)(a), C.R.S.2004. In such an action, the person who engaged in the deceptive trade practice is liable to the individual consumer for the greater of five hundred dollars, "[t]he amount of actual damages sustained," or treble actual damages, upon a finding of bad faith. Section 6–1–113(2)(a), C.R.S.2004. However, § 6–1–113, C.R.S.2004, does not provide for restitution in a private action.

Hence, the structure of the CCPA does not support defendants' argument that payment of restitution to the State in this enforcement action, for transmission to a particular consumer, constitutes a separate claim for purposes of C.R.C.P. 54(b).

Defendants' reliance on *Kempter v. Hurd, supra,* 713 P.2d at 1278, for the principle that we must resolve the separate claim question under C.R.C.P. 54(b) based on whether different claims "could have been separately

enforced" is misplaced. There, several employees joined in an action against their former employer to recover unpaid wages, but the court explained, "Each plaintiff could have enforced his individual claim in a separate lawsuit against [the employer] rather than joining together in a single civil action." *Kempter, supra,* 713 P.2d at 1279. The court allowed the employer to appeal a default judgment against it entered in favor of some plaintiff employees on the basis that the judgment completely disposed of those employees' claims against the employer.

Here, the consumers are not named parties to a private action jointly prosecuting their individual claims. That a consumer could have commenced a private action for "actual damages sustained" does not make the State's equitable recovery of restitution for distribution to each consumer a separate claim in this case.

Nor is defendants' reliance on *Ireland v. Wynkoop,* 36 Colo.App. 205, 539 P.2d 1349 (1975), persuasive. There, some of the multiple transactions alleged in a single claim were dismissed on motion. In accepting an appeal from the dismissal, the division noted that "the appealed claims are factually distinct from the retained claims." *Ireland, supra,* 36 Colo.App. at 215, 539 P.2d at 1355. Here, while the trial court's phase I decision shows that the bases for awarding restitution differ by consumer, the State did not plead any such factual distinctions among consumers.

Accordingly, we conclude that the trial court's ruling on phase I did not involve adjudication of a separate claim or claims.

Because of this resolution, we need not address the parties' arguments concerning the scope of the appeal.

The appeal is dismissed, without prejudice.

Judge NIETO and Judge CARPARELLI concur.