2015 COA 59

**Rodney C. ATHERTON and Ellyn R. Atherton, Plaintiffs–Appellants,**

**v.**

**Barbara BROHL, in her official capacity as Executive Director of the Colorado Department of Revenue, Defendant–Appellee.**

Court of Appeals No. 14CA0104

Colorado Court of Appeals, Div. I.

Announced May 7, 2015

Jefferson County District Court No. 11CV4124, Honorable Steven E. Shinn, Judge.

Rodney C. Atherton, Pro Se.

Ellyn R. Atherton, Pro Se.

Cynthia H. Coffman, Attorney General, Eric T. Meyer, First Assistant Attorney General, Grant T. Sullivan, Assistant Solicitor General, Denver, Colorado, for Defendant–Appellee.

Opinion by JUDGE BOORAS

¶ 1 Plaintiffs, Rodney C. Atherton and Ellyn R. Atherton, appeal from a district court order concluding that their 2002 and 2005 conservation easement tax credits are invalid. We dismiss the appeal because the district court's judgment is not final.

## I. Background

¶ 2 In 2002 and 2005, the Athertons recorded conservation easement deeds regarding two parcels they own in Jefferson County. They accordingly filed income tax returns claiming conservation easement tax credits pursuant to section 39–22–522, C.R.S.2014. The Department of Revenue

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

(Department) disallowed the 2002 and 2005 claimed tax credits in 2007 and 2010, respectively, because the Athertons failed to satisfy state and federal requirements.

¶ 3 The Athertons protested the Department's disallowance of the tax credits and requested an administrative hearing. In 2011, before an administrative hearing took place, the Athertons appealed the Department's decision to the district court pursuant to newly enacted procedures set out in section 39–22–522.5, C.R.S.2014.

¶ 4 The Department moved for summary judgment in district court, which the court denied. The district court then ordered that the parties proceed to a "[t]hreshold hearing concerning the validity of [the Athertons'] 2002 and 2005 tax credits." After that hearing, the district court issued a detailed order in the Department's favor, concluding that the claimed credits are deficient in various respects, and thus are invalid. The district court limited its order to the validity of the credits, but nonetheless indicated in its order, pursuant to section 39–22–522.5(2)(p), that it "shall constitute a final judgment and is thus subject to appeal."

¶ 5 The Department filed a C.R.C.P. 59(e) motion to amend the district court's order, requesting that the district court fix the dollar amount that the Athertons owed the Department. The district court ultimately refused to do so, stating that any such dollar amount would have to be determined at a later phase in the proceedings.

## II. Analysis

¶ 6 On appeal, the Athertons make four primary arguments. First, they contend that they substantially complied with the filing requirements and provided the information necessary for a Colorado Gross Conservation Easement Tax Credit. Second, they argue that their 2005 appraisal met the standards of a "qualified appraisal." Third, they maintain that the district court erred in determining that they failed to satisfy the contemporaneous written acknowledgement requirement of the Internal Revenue Code. Fourth, they assert that the district court erred in determining that the baseline report for 2002 was insufficient.

¶ 7 The Department makes an initial argument that the district court's judgment may not be final because it establishes the Athertons' liability but fails to fix the dollar amount they owe, thus requiring additional district court proceedings. Because we agree with the Department that the order the Athertons appealed from is not a final judgment, we dismiss the case for lack of jurisdiction and do not reach the merits of the appeal.

## Finality of Judgment

¶ 8 Without a final judgment, we lack jurisdiction to reach the merits of an appeal. *See Musick v. Woznicki,* 136 P.3d 244, 249 (Colo. 2006).

¶ 9 A final judgment or decision is "one that ends the particular action in which it is entered, leaving nothing further to be done to completely determine the rights of the parties." *Citizens for Responsible Growth v. RCI Dev. Partners, Inc.,* 252 P.3d 1104, 1106–07 (Colo.2011). In the absence of a final judgment or decision, we can only reach the merits of an appeal where a relevant statute or rule creates an exception to the finality requirement. *See, e.g., Paul v. People,* 105 P.3d 628, 631 (Colo.2005) ("Except as expressly provided by statute or rule, appellate jurisdiction in Colorado is also generally limited to final judgments.").

¶ 10 It is clear that the order before us did not end the action in which it was entered, and was thus not a final judgment. By way of example, if we affirm the district court's ruling regarding the validity of the Athertons' conservation easements, we must still remand for the district court to determine the amount, if any, the Athertons owe the Department in back taxes and penalties. *See* § 39–22–522.5(2)(m)(II). Indeed, the district court itself acknowledged that additional proceedings need to take place to determine the amount, if any, that the Athertons owe the Department. Alternatively, if we reverse the district court's ruling regarding the validity of the conservation easements, we would still be required to remand the matter to the district court to assess,

among other things, the value of the easements. *See* § 39–22–522.5(2)(m)(I).

¶ 11 Accordingly, because the judgment below is not final, the question that we must resolve is whether any relevant statute creates an exception to the general rule, permitting us to consider the merits of this appeal despite a lack of finality.

¶ 12 The order that the Athertons appeal from is limited to the validity of the Athertons' claimed conservation easement tax credits. It was issued pursuant to section 39–22–522.5(2)(i). That subsection states:

> Following the court's order identifying the parties and consolidating cases and parties, *the court may hold a hearing to determine the validity of the conservation easement credit claimed pursuant to section 39–22–522* and to determine any other claims or defenses touching the regularity of the proceedings. The court shall determine whether the donation is eligible to qualify as a qualified conservation contribution. The court may set an expedited briefing schedule and give the matter priority on the docket. The court may order preliminary discovery, limited to validity of the easement credits and any other claims or defenses raised at this stage of the proceeding.

(Emphasis added.)

¶ 13 In turn, subsection (2)(m)(I)–(III) provides:

> After a determination pursuant to paragraph (i) of this subsection (2) of the validity of the credit as claimed, the court shall resolve all remaining issues as follows:
>
> (I) The first phase shall be limited to issues regarding the value of the easement.
>
> (II) The second phase shall be limited to determinations of the tax, interest, and penalties due and apportionment of such tax liability among persons who claimed a tax credit in relation to the conservation easement. The conservation easement tax credit action shall be final at the conclusion of the second phase as to the department of

revenue and as to any taxpayer, transferee, or other party with regard to that party's tax credit dispute with the department of revenue.

> (III) The third phase shall address all other claims related to the conservation easement tax credit, including those between and among the tax matters representative, transferees, other persons claiming a tax credit in connection with the donation, and any third party joined as a party to the action. The department shall not be required to participate in or be a party to this third phase. Any participation in these proceedings by parties other than the tax matters representative, transferees, or other persons who have claimed all or part of a conservation easement tax credit is limited to this third phase.

Finally, relevant to our inquiry, subsection (2)(p) provides that

> [t]he district court shall enter judgment on its findings. The court shall have the authority to establish the amount of any deficiency and to waive or otherwise modify the amount of any interest, penalties, or other amounts owed. *The court shall indicate in any order whether the judgment of the court is a final judgment subject to appeal as to any party.*

(Emphasis added.)

¶ 14 Within the statutory scheme, we conclude that subsection (2)(m)(II), which is not at issue here, clearly creates an exception to the finality rule. Subsections (2)(i) and (2)(p), however, which are at issue here, do not create such an exception.

¶ 15 Specifically, subsection (2)(m)(II) states that "[t]he conservation easement tax credit action shall be final at the conclusion of the second phase as to the department of revenue and as to any taxpayer, transferee, or other party with regard to that party's tax credit dispute with the department of revenue." As we discuss below, that language suggests that the General Assembly created an exception to the finality rule with respect to phase two of the proceedings.[1] However, because that language specifically appears in

---

1. In addition, language in subsection (2)(m)(II)

authorizing the district court to "waive or other-

a single discrete subsection of the statute, and not in relation to the validity determination portion of the statute, it supports our conclusion that an appeal is not proper at this juncture. § 2–4–101, C.R.S.2014 ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

¶ 16 In comparison, subsection (2)(p) of the statute—the subsection relied upon by the district court to support its conclusion that the order on appeal here was final—states that "[t]he court shall indicate in any order whether the judgment of the court is a final judgment subject to appeal as to any party." That language, unlike language in subsection (2)(m)(II), does not expressly create an exception to the finality rule. Moreover, nothing in subsection (2)(i), concerning the validity of a claimed tax credit, suggests that a district court can depart from the finality rule.

¶ 17 Like subsection (2)(m)(II), and in contrast to subsections (2)(i) and (2)(p), a number of statutes and rules expressly permit appeals from nonfinal judgments. For example, C.R.C.P. 54(b) provides an exception to the general rule that an order must dispose of all outstanding matters before a final judgment subject to appeal can issue. *Harding Glass Co. v. Jones,* 640 P.2d 1123, 1125 (Colo. 1982) (C.R.C.P. 54(b) "creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought."). That rule provides in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*

C.R.C.P. 54(b) (emphasis added).

¶ 18 Additionally, section 24–10–108, C.R.S.2014, concerning sovereign immunity,

specifically states that a court's decision on a motion barring an action on sovereign immunity grounds "shall be a final judgment and shall be subject to interlocutory appeal." And section 13–4–102.1, C.R.S.2014, concerning interlocutory appeals of determinations of questions of law in civil cases, requires a specific legal standard to be met before this court can permit an interlocutory appeal. First, the district court must certify "that immediate review may promote a more orderly disposition or establish a final disposition of the litigation." § 13–4–102.1. Second, the order must involve "a controlling and unresolved question of law." *Id.*; C.A.R. 4.2; *see also* C.R.C.P. 107(f) ("For the purposes of appeal, an order deciding the issue of contempt and sanctions shall be final.").

¶ 19 With these statutes and rules in mind, we can glean nothing from subsection (2)(p) that expressly permits the district court to deviate from the general finality requirement by allowing a party to appeal from an initial validity determination while there is still at least one "phase" of the proceedings remaining.

¶ 20 And there is at least one trial phase that still needs to be dealt with in this matter. Because the district court made a determination that the Athertons' claimed conservation easements are invalid, and thus no conservation easement value determination is necessary, its next step is to proceed to the second phase of the proceedings, which requires determining "the tax, interest, and penalties due," among other things. § 39–22–522.5(2)(m)(II). The district court has acknowledged as much.

¶ 21 Accordingly, we dismiss the appeal.

JUDGE TAUBMAN and JUDGE GABRIEL concur.

---

wise modify the amount of any interest, penalties, or other amounts owed," also supports a conclusion that a tax credit validity determination cannot be appealed while phase two of the

proceedings is still pending. A district court's decision to waive any penalty would likely impact a party's decision to appeal a validity determination in the first instance.