Emmett **LINNEBUR**,
Petitioner-Appellant,

v.

**PUBLIC SERVICE COMPANY OF COLO-RADO, a Colorado Corporation, and Connecticut Mutual Life Insurance Company, a corporation, Respondents-Appellees.**

No. 80CA0225.

Colorado Court of Appeals,
Div. I.

July 17, 1980.

Rothgerber, Appel & Powers, Gregory L. Williams, Charles Goldberg, Denver, for petitioner-appellant.

Kelly, Stansfield & O'Donnell, Donald D. Cawelti, Denver, for respondents-appellees.

STERNBERG, Judge.

The suit that is the subject of this appeal was preceded by Public Service Company filing a Petition in Eminent Domain on January 16, 1979. In that case Public Service sought to acquire an easement through Emmett Linnebur's property for the construction and operation of an electric transmission line, and, pursuant to the stipulation of the parties, the court entered an order granting Public Service immediate possession of the easement on February 2, 1979. That action, which is assigned to the same division of the district court as is this case, has not as yet been tried.

On December 26, 1979, Linnebur commenced this proceeding, asserting that property owned by him situated on either side of the easement acquired by Public Service Company by the February 2, 1979, order, will be perpetually impaired by electric and magnetic fields of radiation generated by the power line. Linnebur based his action on the theory of inverse condemnation and trespass, sought an injunction against use of the easement for operation of the power line, requested declaratory relief, damages in the amount of the value of the property taken, and exemplary damages of $1,000,000.

Public Service Company moved to dismiss the complaint and, after oral argument, the court granted the motion because the petition sought "the same or substantially similar relief to that which has already been requested by and which is encompassed within . . .." the prior action. The court also granted Linnebur the opportunity to amend his response in the earlier action to include any counterclaims which served as the basis of this action, and granted Linnebur's request that that case be tried to a jury.

We are in agreement with the action of the trial court. To countenance Linnebur's second action would be to encourage, rather than discourage, duplicitous suits. *See Public Service Co. v. Miller*, 135 Colo. 575, 313 P.2d 998 (1957).

There is no need for Linnebur to file a separate action for diminished value of the part of his land not actually condemned. He can recover for such damage to the residue in the condemnation case. *Ruth v. Department of Highways*, 153 Colo. 226, 385 P.2d 410 (1963). Nor does the filing of a separate action entitle Linnebur to injunctive or other relief prayed for any more or any less than would he be entitled to such relief in the condemnation action; an inverse condemnation action would be tried "as if it were an eminent domain proceeding." *Ossman v. Mountain States Telephone & Telegraph Co.*, 184 Colo. 360, 520 P.2d 738 (1974).

Thus, because we can ascertain no claim for relief asserted, or that could be asserted in the second action that is not already asked for, or may not be asked for, in the pending action, we affirm the judgment of the trial court.

ENOCH, C. J., and KIRSHBAUM, J., concur.