**Emmett LINNEBUR, Petitioner,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Respondent.**

**No. 84SC254.**

Supreme Court of Colorado,
En Banc.

April 21, 1986.

Rothgerber, Appel & Powers, Gregory L. Williams, Denver, for petitioner.

Kelly, Stansfield & O'Donnell, Donald D. Cawelti, Denver, for respondent.

VOLLACK, Justice.

We granted certiorari to review *Public Service Company of Colorado v. Linnebur*, 687 P.2d 506 (Colo.App.1984). We affirm the dismissal of the appeal on the basis that the trial court's ruling is not an appealable final judgment.

Public Service Company of Colorado (Public Service) initiated this eminent domain action to condemn an easement for installation of high voltage electrical transmission lines across Emmett Linnebur's farm. The lines have been installed pursuant to a stipulation for temporary possession and are located in close proximity to the primary residence on the farm. Linnebur (petitioner) filed counterclaims, including one for inverse condemnation alleging the presence of the electrical lines creates a health hazard to residents of the farm, thereby reducing the value of the property.

Following a hearing on Public Service's motion *in limine* to exclude evidence of health hazards, the trial court ruled the testimony of petitioner's two expert witnesses who would testify as to the harmful effect of the electrical lines was inadmissible. The trial court concluded the proposed witnesses could not testify within the rea-

sonable degree of probability necessary to express an opinion concerning the actual physical effects of electromagnetic field exposure on humans. In effect, the ruling precluded recovery for this type of alleged damage. The trial court directed entry of final judgment pursuant to C.R.C.P. 54(b) on this counterclaim.

The condemnation action has not yet been tried. Petitioner's counterclaim for a judicial determination of the respective rights of the parties was dismissed, and his counterclaim for relief in the nature of trespass and for punitive damages was severed. The severed counterclaim alleges the electrical lines create an electromagnetic field which interferes with citizen's band radio signals and television reception.

The court of appeals ruled the counterclaim for damages relating to health hazards and the counterclaim for damages relating to interference with radio and television signals were claims for different damages arising from a single legal right. Accordingly, the court of appeals concluded the trial court's *in limine* determination was not a decision on an entire claim for relief, and was improperly certified as a final judgment because it was an interlocutory order.

Petitioner maintains that when the trial court granted the motion *in limine*, it made a final judgment upon an entire claim for relief. He bases this contention on the fact that he abandoned his counterclaim for declaratory relief, and the counterclaim for trespass was severed. Petitioner argues that by excluding the evidentiary foundation for the inverse condemnation counterclaim, no issues remain for resolution as to an entire claim, and the court of appeals erred in dismissing the appeal. We disagree.

■ C.R.C.P. 54(b) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim ... the court may direct entry of a final judgment as to one or more but fewer than all of the claims ... only

upon an express direction for the entry of judgment....

The rule creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought. C.A.R. 1(a)(1). In deciding whether to issue a Rule 54(b) certification, the trial court must determine the decision to be certified is a ruling upon an entire claim for relief, conclude that the decision is final in the sense of an ultimate disposition of an individual claim, and determine whether there is just reason for delay in entry of a final judgment on the claim. *Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982). An appellate court's jurisdiction to entertain the appeal of a judgment certified pursuant to Rule 54(b) depends on the correctness of the certification. *Id.*, 640 P.2d at 1126; *Moore & Co., Inc. v. Triangle Construction and Development Co.*, 44 Colo.App. 499, 619 P.2d 80 (1980).

■ Eminent domain proceedings insure that private property is not taken or damaged, for private or public use, without just compensation. Colo. Const. art. II, section 15; section 38–1–101, 16A C.R.S. (1982). As the statute provides, a board of commissioners or a jury determines the amount of compensation, while the trial court determines all other questions and issues. The report of the commissioners or the verdict of the jury is required to contain a finding as to not only the value of the land or property actually taken, but also a determination of the damages, if any, to the residue of the property as a result of the taking, Section 38–1–115(1)(c), 16A C.R.S. (1982), and "all damages accruing to the owner or parties interested in consequence of the condemnation [of the land or property]." Section 38–1–105(2), 16A C.R.S. (1982). Thus, the damages petitioner seeks by way of his counterclaims are encompassed within the scope of the eminent domain proceeding. The damage may include the alleged health hazards, alleged interference with radio and television signals, and any resulting effect on the value of the land. Petitioner did not need to

raise these issues separately by way of counterclaim or even by way of a separate action to have these matters determined. An inverse condemnation action is based on article II, section 15 of the Colorado constitution, and because it is based on the "takings" clause, it is to be tried as if it were an eminent domain proceeding. *Ossman v. Mountain States Telephone & Telegraph Co.*, 184 Colo. 360, 520 P.2d 738 (1974).

■ In Colorado, an award in an eminent domain proceeding includes all damages present and prospective that are the natural, necessary or reasonable incident of the improvement. *Ruth v. Department of Highways*, 153 Colo. 226, 385 P.2d 410 (1963). The damages for which petitioner counterclaims arise from the presence of the electrical lines on his property. In his counterclaim for inverse condemnation, petitioner alleges the electrical lines create "extraordinary electric and magnetic fields of radiation" on lands outside of the easement which expose petitioner, his family, his employees and livestock to "an unreasonable and dangerous risk of biological health hazards." These allegations assert damages under section 38–1–105(2), 16A C.R.S. (1982). Petitioner further maintains that the presence of the electrical lines causes stress, continuous audible noise, an enhanced risk of electrocution, interference with citizen's band radio signals, shortwave radio signals and television reception. These allegations assert damage to the residue of petitioner's property, a matter which is properly resolved as part of the eminent domain proceedings. Section 38–1–115(1)(c), 16A C.R.S. (1982). Petitioner's counterclaim for trespass, which was severed, alleges the electric and magnetic fields of radiation take "approximately twenty times the land area described in its eminent domain proceedings," and requests an award of exemplary damages. This claim in substance deals with the extent of the taking, a matter included in the eminent domain proceeding.

■ We conclude that the substance of petitioner's claims, rather than the form he has put them into, support the conclusion that the trial court's ruling on the motion *in limine* does not constitute a final judgment on an entire claim for relief. All of the claims involved in this case arise from the presence of the electrical lines on petitioner's property, and until the issues of whether there was a taking, the extent of the taking and the determination of the just compensation for the taking are decided, the matter is not ripe for appeal.

■ The purpose of requiring that an entire claim for relief be finally adjudicated before Rule 54(b) certification is proper is to avoid the dissipation of judicial resources through piecemeal appeals. *Harding Glass Co., Inc. v. Jones*, 640 P.2d at 1127. The court of appeals already held that the petitioner was not entitled to file a separate action for inverse condemnation. *Linnebur v. Public Service Co.*, 44 Colo.App. 504, 614 P.2d 912 (1980). Here, the petitioner is appealing an adverse ruling on one of his counterclaims arising from the same inverse condemnation. The severed counterclaim for trespass and the eminent domain proceeding may create appealable issues once they are determined. To avoid piecemeal review, final judgments must meet the requirements of C.R.C.P. 54(b). The ruling on the motion *in limine* does not constitute an appealable final judgment because disposition of this element of damages does not resolve the single claim, i.e. presence of the electrical lines, upon which the various claims for damages are based. The severed counterclaim for trespass arises from the same factual basis as the counterclaim for health hazard damages and has not yet been resolved. A claim for relief asserting a single legal right states only a single claim, even though multiple remedies may be sought for the alleged violation of that legal right. *Harding Glass Co., Inc. v. Jones*, 640 P.2d at 1126.

Since we conclude there is no final judgment, we are without jurisdiction to entertain the appeal. The ruling on the motion *in limine* is interlocutory, so there can be no appeal at this stage of the proceedings.

The judgment of the court of appeals is affirmed.