The **PEOPLE** of the State of Colorado, ex rel. Duane **WOODARD**, Attorney General of the State of Colorado, Petitioner-Appellee, Cross-Appellant,

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY**, a Colorado corporation; US West, Inc., a Colorado corporation; Landmark Publishing Company, a Colorado corporation; and US West Direct Company, a Colorado corporation, Respondents-Appellants, Cross-Appellees.

No. 85SA307.

Supreme Court of Colorado,
En Banc.

July 13, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eugene C. Cavaliere, Deputy Atty. Gen., David A. Burlage and Valerie J. McNevin-Petersen, First Asst.

---

Attys. Gen., Denver, for petitioner-appellee, cross-appellant.

Russell P. Rowe, Kathryn Marie Krause, Mary C. Snow and Coleman M. Connolly, Denver, for respondent-appellant, cross-appellee Mountain States Tel. and Tel. Co.

Cohen Brame & Smith, P.C., Jeffrey C. Pond, J. Walter Hyer III, Denver, Keith G. Galitz and Laurie J. Bennett, Aurora, for respondents-appellants, cross-appellees US West, Inc., Landmark Pub. Co., and US West Direct Co.

VOLLACK, Justice.

The respondents-appellants, Mountain States Telephone and Telegraph Company [hereinafter Mountain Bell], US West, Inc. [hereinafter US West], Landmark Publishing Company [hereinafter Landmark], and US West Direct Company [hereinafter USWD] (referred to collectively as the US West respondents), appeal an order entered by the trial court finding that the transfer of directory publishing assets from Mountain Bell to USWD required approval by the Public Utilities Commission [hereinafter PUC], pursuant to section 40–5–105, 17 C.R.S. (1984). We conclude that the trial court's ruling was not properly certified as a final judgment under C.R.C.P. 54(b), and dismiss the appeal with directions to remand to the trial court for further proceedings.

We summarize the facts leading up to this appeal where necessary and provide the relevant procedural background. Mountain Bell is wholly owned by Mountain Bell Holdings, Inc., which itself is wholly owned by US West. USWD is a wholly owned subsidiary of Landmark, which in turn is a wholly owned subsidiary of US West. On January 1, 1984, Mountain Bell transferred certain assets to Landmark and received a .56 share of Landmark stock. These assets were used,

prior to their transfer, in Mountain Bell's advertising and directory publishing business, and totaled $56.3 million in cash, and $8.334 million in property. Mountain Bell declared a dividend of the .56 share of Landmark's stock to its sole shareholder, US West. Landmark then transferred certain of these assets to USWD. USWD is engaged in the directory publishing business.

On September 13, 1984, the People, through the Attorney General, filed a complaint in the Denver District Court alleging that the transfer of assets by Mountain Bell, without the prior approval of the PUC, violated the provisions of section 40–5–105, 17 C.R.S. (1984), because Mountain Bell, as a public utility defined in section 40–1–103, 17 C.R.S. (1984), is regulated by the PUC. The US West respondents denied that the transfer of assets in question violated section 40–5–105. On November 19, 1984, the parties stipulated that the trial proceed initially on two issues: 1) what is the nature of the assets transferred? and 2) does section 40–5–105 apply to the transfer of the assets in question? This initial phase of the trial was heard by a senior judge. On April 17, 1985, the parties presented a "stipulation concerning evidentiary record," to the trial court as the evidentiary record on the above issues. After hearing arguments of counsel, the trial court ruled that the assets transferred by Mountain Bell to Landmark required PUC approval. After this initial ruling, the case was transferred to the present trial court.

The US West respondents filed motions for new trial pursuant to C.R.C.P. 59(a)(1), or in the alternative to amend the pleadings to conform to the evidence pursuant to C.R.C.P. 15(b), to alter or amend judgment pursuant to C.R.C.P. 59(e),[1] and for an or-

1. C.R.C.P. 59 was amended, effective January 1, 1985, and provides in part:
   (a) **Post-Trial Motions.** Within 15 days of entry of judgment as provided in C.R.C.P. 58 or such greater time as the court may allow, a party may move for post-trial relief including:
   (1) A new trial of all or part of the issues;
   (2) Judgment notwithstanding the verdict;

(3) Amendment of findings; or
(4) Amendment of judgment.
Motions for post-trial relief may be combined or asserted in the alternative. The motion shall state the ground asserted and the relief sought.
C.R.C.P. 59, 7A C.R.S. (1986 Supp.). The respondents' reference to the old C.R.C.P. 59 was

der directing the entry of final judgment pursuant to C.R.C.P. 54(b). The present trial court denied the motion for new trial, but granted the balance of the post-trial motions. The court ruled that the joint stipulation of the parties, dated November 16, 1984, reflected their consent that there be an initial separate trial on the issue of the applicability of section 40–5–105, which had an effect of presenting to the court an independent claim for a declaratory judgment under C.R.C.P. 57 and sections 13–51–101 to –115, 6 C.R.S. (1973). The trial court, over the petitioner's opposition, amended the petitioner's pleading to reflect a claim for a declaratory judgment. The trial court then directed the entry of final judgment as to the declaratory judgment claim pursuant to C.R.C.P. 54(b). Citing *Harding Glass Co., Inc. v. Jones,* 640 P.2d 1123 (Colo.1982), the trial court specifically found that "an immediate appeal of the jurisdictional issue will substantially economize judicial resources and will not operate to the prejudice of any party."

On the basis of the trial court's C.R.C.P. 54(b) ruling, the US West respondents brought this appeal. The People have cross-appealed the C.R.C.P. 54(b) final judgment order, claiming that the threshold issue of the applicability of section 40–5–105 to the transfer of the telephone directory assets was not certifiable as a final judgment under C.R.C.P. 54(b) and that the court lacks jurisdiction to hear this appeal. We agree.

First, we address the trial court's ruling that amended the petitioner's complaint to include a claim for declaratory judgment. C.R.C.P. 15(b) states in part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment.... If evidence is

objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. C.R.C.P. 15(b), 7A C.R.S. (1973) (emphasis added).

C.R.C.P. 15(b) refers to situations where issues are not raised by the pleadings. *Barnes v. Wright,* 123 Colo. 462, 231 P.2d 794 (1951). "The purpose of Rule 15(b) is to allow litigation to be determined on the merits and not to be limited to the strict parameters of the pleadings." *American Nat'l Bank v. Etter,* 28 Colo.App. 511, 516, 476 P.2d 287, 289 (1970). *See* 4 R. Hardaway & S. Hyatt, *Colorado Practice* § 15.4 (1985). In the interests of allowing the merits of a case to be decided, we have held courts to the duty of considering issues raised by evidence received without objection, even without formal application to amend, *Cady v. Fraser,* 122 Colo. 252, 222 P.2d 422 (1950), and allowed amendments to be freely granted. *Schwab v. Martin,* 165 Colo. 547, 441 P.2d 17 (1968).

■ Here, the US West respondents' sole reason for asking for an amendment of the petitioner's complaint was to create an immediately appealable issue by articulating a claim for declaratory relief, which has "the force and effect of a final judgment or decree." C.R.C.P. 57(a), 7A C.R.S. (1973). This attempt must fail in the face of the clear language and intent of C.R.C.P. 15(b).

The US West respondents contend that the theory of the case presented in the C.R.C.P. 15(b) amendment, the declaratory judgment, was not pleaded by the complaint or by their answer. This is in direct conflict with the contents of their answers which specifically raised as an affirmative defense an assertion that the transferred assets were not public utility assets within

erroneous. Their post-trial motions should have been brought under the above amendment,

but this error has no effect on our analysis.

the scope of section 40–5–105. In its answer, Mountain Bell asserted as an affirmative defense that "§ 40–5–105 is not applicable to the publishing line of business assets transferred to Landmark Publishing Company." US West, Landmark, and USWD asserted in their answer that "[t]he assets transferred between Mountain Bell and Landmark, effective January 1, 1984, were not public utilities assets, and accordingly do not fall within the scope of C.R.S. § 40–5–105." In its order of April 18, 1985, the initial trial court stated:

The Respondents argue that the statute, 40–5–105, must be read to differentiate between assets used by Mountain States in its public capacity as a utility and its private capacity as a publisher of telephone directories, the contention being that the assets which were transferred belong to the Mountain States directory business, a private capacity, and thus not within P.U.C. jurisdiction so as to require approval by the P.U.C. for transfer.

This then postures the sole issue which has been presented to this Court, to wit: Does the transfer of the Mountain States assets in question to Landmark Publishing Company require P.U.C. approval?

Clearly, the issue of the applicability of section 40–5–105 was raised in the pleadings of the US West respondents.

Because we conclude that the present trial court abused its discretion in amending the petitioner's complaint to include a claim for declaratory judgment, we hold that there was no final judgment pursuant to C.R.C.P. 54(b). C.R.C.P. 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

C.R.C.P. 54(b), 7A C.R.S. (1973). The rule creates an exception to the general requirement that an entire case be resolved by a final judgment before an appeal is brought. C.A.R. 1(a)(1), 7B C.R.S. (1984).

To issue a C.R.C.P. 54(b) certification, "the trial court must determine the decision to be certified is a ruling upon an entire claim for relief, conclude that the decision is final in the sense of an ultimate disposition of an individual claim, and determine whether there is just reason for delay in entry of a final judgment on the claim." *Linnebur v. Public Serv. Co.*, 716 P.2d 1120, 1122 (Colo.1986), applying the test set forth in *Harding Glass Co., Inc. v. Jones*, 640 P.2d 1123 (Colo.1982). The trial court's determinations are subject to appellate review because our jurisdiction to entertain the appeal is dependent upon the correctness of the certification. *Harding Glass*, 640 P.2d at 1126.

A complaint asserting only a single legal right states only a single claim even though multiple remedies may be sought for the violation of that single right. *Id.* Here, the People assert that the US West respondents violated section 40–5–105 by transferring Mountain Bell assets without PUC approval. This is one legal right for which the People seek several remedies.[2]

We conclude that the initial ruling that the transfer by Mountain Bell of assets required PUC approval was not a final judgment under C.R.C.P. 54(b) and accordingly dismiss the appeal.

KIRSHBAUM, J., does not participate.

---

**2.** In the complaint the People requested an accounting of the assets, a mandatory injunction ordering the transfer of the assets back to Mountain Bell, and the imposition of a monetary penalty pursuant to section 40–7–105, 17 C.R.S. (1984).

As we noted in *Harding Glass*, the definition of a claim for relief for the purposes of Rule 54(b) can be elusive. 640 P.2d at 1126. In this case, we need not determine whether a declaratory judgment such as the one proposed by the US West respondents would have set forth a separate claim for relief, asserting a distinct legal right for Rule 54(b) purposes.